Corbett v. Job.

---

DANIEL G. CORBETT, Respondent, v. MOSES JOB et al., Appellants.

| | |
|---|---|
| 5 | 201 |
| 5 | 253 |
| 5 | 257 |
| 6 | 195 |
| 6 | 264 |
| 7 | 137 |
| 8 | 190 |
| 9 | 48 |
| 9 | 152 |
| 10 | 283 |
| 13 | 85 |
| 16 | 92 |
| 17 | 268 |
| 30* | 889 |
| 20 | 48 |
| 14* | 587 |
| 5 | 201 |
| 21 | 451 |
| 33* | 660 |
| 5 | 201 |
| 24 | 461 |
| f25 | 68 |
| 25 | 95 |
| 5 | 201 |
| 26 | 150 |

Assignment of Errors in Statement on Appeal. A statement on appeal must contain a specific statement of the particular errors or grounds relied on.

Matter Proper in Statement on Appeal. A statement on appeal may contain all matter necessary for explanation of its grounds of error, (which must be specifically stated) such as the verdict of a jury, findings of fact and conclusions of law when not made part of the judgment, minutes of the Court, etc.

Hoopes v. Meyer (1 Nev. 433) and Gillig, Mott & Co. v. The Lake Bigler Road Company, (2 Nev. 214) on the point that a statement is not required to specifically state the errors relied on, disapproved.

Mere Narrative of Trial not a Statement. A paper containing a mere recital of the progress of a trial and detail of matters occurring thereat, with exceptions to the rulings of the Court taken therein, but not presenting such exceptions in the form of a bill, nor in any manner except as simply noted in the course of the narrative, is in no sense a statement, and must be disregarded.

Findings not "Written Opinion." The Practice Act, section three hundred and forty, when it speaks of "any written opinion placed on file in rendering judgment," does not refer to findings.

Practice Act, Sections One Hundred and Eighty-two and Three Hundred and Forty—"Written Decision" and "Written Opinion." The "written decision" referred to in section one hundred and eighty-two of the Practice Act, is something which must precede the judgment, and upon which it is entered, and is different from the "written opinion" referred to in section three hundred and forty.

14

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts necessary to an understanding of the opinion are sufficiently stated therein.

*Clarke & Wells* and *Williams & Bixler*, for Respondent.

I. The statement on appeal does not "specifically point out the particular errors upon which the appellant intends to rely," and for this reason must be disregarded. (Practice Act, Sec. 332; *Barrett* v. *Tewksbury*, 15 Cal. 334; *Hutton* v. *Reed*, 25 Cal. 478; *Burnett* v. *Pacheco*, 27 Cal. 408; *Barstow* v. *Newman*, 34 Cal. 90.)

II. The objection that the Court below erred in setting aside and disregarding the verdict of the jury is not contained in the record, and cannot be taken in this Court for the first time. The point does not arise upon the judgment roll. The verdict, having been set aside by the Court, is no longer a vital paper or proceeding in the case, and can only become so after the order setting it aside shall have been reversed. How can this order be reversed without an exception, without a statement, without a bill of exceptions upon the judgment roll alone? If the defendant was dissatisfied with the action of the Court below in setting aside the verdict of the jury, he should have made his objection and taken his exception; made the whole a part of the record by statement or bill of exceptions; and should have specifically pointed out this action of the Court as error upon which he would rely on appeal. (*Harper* v. *Minor*, 27 Cal. 109; *Stoddard* v. *Treadwell*, 29 Cal. 281.)

III. If the statement contained in the record is to be looked to, it is apparent that the Court (having the power) should have disregarded the special findings of the jury, because there is not a particle of evidence tending to support them. If, on the other hand, the statement is not to be considered, then there is nothing to warrant this Court in saying that the Court below erred. Not knowing what the proofs were, or what were the grounds upon which the action was based, it is impossible for this Court to say that the "proofs" in the one case or "grounds" in the other were insufficient. All presumptions are in favor of the Court below.

Corbett *v.* Job.

*Hillyer, Wood & Deal*, for Appellants.

I.  The statement is sufficient. The object was to place before the Court the verdict of the jury. This it has done, and in doing so the error relied upon was stated as specifically as it is possible to state it. The statute will bear two constructions. It may be read as requiring that the grounds and errors shall be specifically stated, or that there shall be a separate and specific statement, of what grounds and errors will be insisted upon.

The former construction was given for ten years by the California Court to a similar statute, which required the grounds of appeal to be set forth.

The object of the requirement to "specifically" state, was to avoid incumbering the transcript with more evidence than might be necessary. We insist that the provision has no application to a case where record matter solely is relied upon, as in this case. In California this error could have been presented without any assignment or statement of grounds. It would have been sufficient then to have filed a notice of appeal and bond, and then the verdict would have gone up as part of the judgment roll, and the error would have been assigned on the argument. If our statute is different concerning what must go in a statement, there should be a corresponding difference in the construction of the section in question. The rule should be modified with the reason, and it should be held that a specific statement of grounds is only required when some statement of evidence is necessary to support it, and not when they rest entirely upon matter of record. It is a matter of practice not settled by any judicial opinion, and we should not be denied a hearing on the merits, by reason of having failed to add to a record of a verdict and judgment the useless formula "we assign as error that the verdict does not support the judgment."

II.  The judgment is not supported by the verdict, and must therefore be modified. The verdict of the jury is conclusive of the facts when there has not been a motion for a new trial.

The judgment contained in the judgment roll, and the verdict brought up by the statement, constitute a complete basis for decision. The finding of facts, if properly part of the record by section three

hundred and forty of the Practice Act, confirms what would be necessary presumption in its absence—that the Judge disregarded the verdict, and that there was no new trial moved for or ordered.

By the Court, WHITMAN, J.:

In this case, counsel for respondent move the Court " to strike out and disregard the statement on appeal," because the same does not " state specifically the particular errors or grounds upon which the appellants intend to rely on the appeal."

It was perhaps unnecessary to make the motion, for if well based, this Court has no power to consider such statement, as by the provisions of section three hundred and twenty-seven of title nine of the " Act to regulate Proceedings in Civil Cases in the Courts of Justice of this State, and to repeal all other Acts in relation thereto," approved March 8th, 1869, " a judgment or order in a civil action   *   *   *   *   may be reviewed as prescribed by this title, and not otherwise."

Section three hundred and thirty-two of the same title provides : " When the party who has the right to appeal wishes a statement to be annexed to the record of the judgment or order, he shall within twenty days after the entry of such judgment or order prepare such statement, which shall state specifically the particular errors or grounds upon which he intends to rely upon the appeal, and shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified and no more."   *   *   *   *

It does not follow, that the statement may not contain all other matter necessary for explanation of its grounds of error ; as for instance, the verdict of a jury, findings of fact and conclusions of law, when not made part of the judgment, minutes of the Court, etc.; but it must contain a specific statement of the particular errors or grounds relied on.

Unless, then, the paper offered as a statement complies with this section, it is no statement ; it is not as " prescribed " by title nine, and, therefore, no proper aid to the review of the judgment or order appealed from. It is true, that under former statutes and the rules of this Court, a statement to be such should have contained the

grounds of error relied on ; but a strict compliance with proper practice was temporarily waived by the lenity of the Court, though not without strong expressions of disapprobation. (*Hoopes* v. *Meyer*, 1 Nev. 433 ; *Gillig, Mott & Co.* v. *The Lake Bigler Road Co.*, 2 Nev. 214.) Now, however, probably with design to correct this course, by the Act above cited, the Legislature has required a specific statement of the particular errors or grounds relied on upon appeal, thus leaving no room for construction, or lax interpretation, and this Court has no choice but to follow and obey the law.

The so-called statement in the case at bar, contains neither any specific statement of particular errors or grounds relied on, nor any statement ; being simply a recital of the progress of the trial, and a detail of the matters occurring thereat, with exceptions taken therein to the rulings of the Court ; these not presented in the form of a bill, nor in any tangible manner, but simply noted in the course of the narrative. Such a paper must be disregarded ; because it is in no sense a statement, and this Court has no right to consider it, even if it wished.

The transcript contains a writing purporting to be the findings of fact and conclusions of law of the District Judge. This was probably inserted as being authorized by section three hundred and forty of title ten, of the Act previously referred to. If so authorized, it is not certified as by that section required, and therefore could not be properly considered ; but that section does not refer to findings of fact and conclusions of law, when it speaks of " any written opinion placed on file in rendering judgment."

Section one hundred and eighty-two of the Act referred to, defines such findings and conclusions as a " written decision," and concludes with the provision, that "judgment upon the decision shall be entered accordingly." This " written decision," is something which must precede the judgment, and upon which it is entered, as upon the verdict of a jury. The " written opinion " of section three hundred and forty is evidently something other ; as it is suggested as an act which may or may not have occurred. " If any written opinion be placed on file in rendering judgment or making the order in the Court below," is the language used, proba-

bly referring to the reasoning or argument, for any decision, judgment, or order.

These findings and conclusions, then, are not before the Court. As the appeal is from the judgment, and there is no statement, nothing remains for examination but the judgment roll. (*Howard v. Richards & Richards*, 2 Nev. 129.)

In that no error appears. It is always disagreeable to decide a case upon a mere question of practice ; but in the present instance there is relief in the fact that the respondent should have recovered upon the evidence.

The judgment of the District Court is affirmed.