# DANIEL G. CORBETT, RESPONDENT, *v.* S. T. SWIFT, APPELLANT.

MOTION FOR NEW TRIAL—WAIVER OF NOTICE OF DECISION. Though a party in cases tried by the Court is not required to move for a new trial until "ten days after receiving written notice of the rendering of the decision of the Judge," yet if he proceed in the case upon actual knowledge of such decision, he waives his right to written notice.

TIME TO MOVE FOR NEW TRIAL—PRACTICE ACT, SEC. 197. Under section one hundred and ninety-seven of the Practice Act, a party in a case tried by the Court has "ten days after receiving written notice of the rendering of the decision of the Judge" to move for a new trial, and as long as he does not act, waiving his right, no advantage can be taken of the fact that he has had actual knowledge.

WAIVER OF RIGHT TO MOVE FOR A NEW TRIAL. Where a party in a case tried by the Court appealed from a judgment without the preliminary step of moving for a new trial: *Held*, that he thereby waived such motion, and could not afterwards take advantage of the fact that he had received no written notice of the rendering of the decision of the Judge.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action brought December 17th, 1868, against Moses Job, Margaret Job, (his wife) and S. T. Swift, to foreclose a mortgage for $2,000 and interest, given in 1864 by Job and wife to plaintiff on certain property in Carson City. It appears that after making the mortgage, and before suit brought, Job and wife made a deed of the same property to Swift, who was the only person that answered. Judgment having been rendered against him, he appealed to the Supreme Court, and at the July term, 1869, the judgment of the Court below was affirmed. (5 Nev. 201.) He then proceeded in the Court below to move for a new trial, as stated in the opinion.

*T. W. W. Davies*, for Appellant.

It has been held in California, under a statute identical with ours, that after an appeal from a judgment alone, a party may appeal from an order overruling a motion for new trial in the same case, provided the latter appeal is taken in time; and this, too, in a case where the order had been made overruling the motion for new trial prior to the appeal from the judgment. Much more then

could the latter appeal be taken in the case at bar, for the reason that the order overruling the motion for new trial was not made until the appeal from the judgment had been taken and disposed of in this Court.

*Clarke & Wells*, for Respondent.

By the Court, WHITMAN, J.:

This appeal is another phase of the case decided, in 5 Nev. 201, under the title of *Corbett* v. *Job et al.*

After that decision, appellant gave notice of intention to move for a new trial, and within due time thereafter prepared and filed his statement. The District Judge denied the motion upon the ground that it came too late. Appellant insisted that as the case was one where the Court had rendered a decision, he might make his motion under the statute " within ten days after receiving written notice of the rendering of the decision of the Judge," (Stats. 1869, 226, Sec. 197) and that, as matter of fact, no such notice had been legally served; the service having been made upon appellant personally, instead of upon his attorney. The Court held that the suggestion of fact was correct, but that appellant had waived his right to require notice by accepting and acting upon his actual knowledge as evidenced by his appeal, and had waived his right to move for a new trial by allowing the time therefor to lapse.

There would seem to be little doubt of the correctness of this decision. Had the appellant taken no action, no advantage could have been taken of his actual knowledge; but he appealed from the whole judgment, recognizing it in its entirety, asking of this Court its vacation without the preliminary step of motion for new trial. The natural presumption is that such motion was waived.

Had the notice of rendition of judgment in fact been given, and the appeal been taken, it would not be claimed that appellant could make his motion for a new trial at this time. Why any more, when it is apparent that the full object of the notice has been accomplished, and he has suffered no wrong?

It would look like trifling with the practice of the Courts to adopt any other view than that announced by the District Court.

The judgment of that Court is affirmed.