## JOHN S. NEIL, Appellant, v. WILLIAM M. WYNE-COOP, Respondent.

Practice in Cases of Contest for Public Land. Cases of contest for public land under the act of March 4, 1871, being governed by the provisions of the Practice Act so far as applicable (Stats. 1871, 135, Sec. 12), a statement on motion for new trial in such case, which contains no specifications of error, is insufficient.

Appeal from the District Court of the Second Judicial District, Ormsby County.

This was a controversy between the parties as to a preferred right to purchase of the State a tract of eighty acres of land in township 15 north, range 19 east, in Ormsby County. In accordance with the statute of March 4, 1871, providing for such cases, the contest was certified from the register to the district court. A trial was had, and the result was a judgment for defendant. Plaintiff then moved for a new trial, and a statement on such motion was filed, containing all the testimony, but no specifications of error. The motion having been overruled, plaintiff appealed from the judgment and order.

*T. D. Edwards* and *Ellis & King*, for Appellant.

*R. M. Clarke*, for Respondent.

By the Court, WHITMAN, C. J.:

It is provided by statute in this State that " * * when two or more persons, claiming a preferred right by reason of occupancy or possession, apply to purchase the same lands, the register shall certify such applications to the district court of the county in which such lands are situated and notify the contesting applicants thereof. The judge or court shall then appoint a commissioner in the vicinity of the land so in dispute to take and report to such court all the testimony of the parties in the case. The contest shall then be tried and determined as ordinary actions in said court * * *." Stats. 1871, 138, Sec. 12.

Under this section the case at bar was tried. The appellant here moved for a new trial. It is objected that his statement contains no specification of error; to that it is answered that this case is *sui generis* and the provisions of the general Practice Act inapplicable. Under the statutory language, there can be no doubt that this position is incor-

rect. Such cases, after a certain point, are to be tried and determined as ordinary actions.

Of course, reference must be had to the Practice Act, to ascertain and determine how such actions are tried; and the governing rules, so far as applicable to the individual case, must be adopted. It by no means follows, because this action differs from ordinary actions in important respects, that it cannot in all others be governed by the rules of practice pertaining to such cases. In fact, the very appearance of appellant here is proof of this view. If not found in the rules of ordinary practice, whence comes his right to move for a new trial? The objection to the statement is sustained. *Corbett.* v. *Job*, 5 Nev. 201.

The order denying a new trial and the judgment are affirmed.