FRANK SHERMAN, RESPONDENT, v. GEORGE W. SHAW, APPELLANT.

NEW TRIAL STATEMENT FOR INSUFFICIENCY OF EVIDENCE SHOULD SHOW ALL THE EVIDENCE. On appeal from an order overruling a motion for new trial, based upon alleged insufficiency of the evidence to justify the verdict, the statement will not be considered unless it affirmatively shows that it contains all the material evidence produced at the trial.

APPEALS—OBJECTIONS TO RULINGS AT TRIAL TO BE ASSIGNED AS ERRORS. If an objection against a ruling of the court in refusing to strike out certain testimony is not specified in the assignment of errors, it will not be considered on appeal.

ASSIGNMENT OF ERRORS MUST SPECIFY PARTICULAR ERRORS. An assignment of "errors of the court in admitting the testimony excepted to by the defendant," as contained in the statement, is entirely too general.

APPEAL from the District Court of the Third Judicial District, Lyon County.

This was an action against the sheriff of Lyon County for alleged conversion of a quantity of cord-wood and a number of oxen and other animals, of the aggregate value of eighteen hundred dollars. The property had been seized by the defendant in his capacity of sheriff, on a writ of attachment, issued in a suit of *Peter Klein* v. *Jacob Gugger*, then pending in the Third District Court. The cause was tried before a jury, which rendered a verdict in favor of plaintiff and assessed the value of the property at $1800. Judgment was entered accordingly. The defendant moved for a new trial, and commenced his statement on said motion as follows :

"The following is a statement of so much of the testimony as is necessary to explain the errors on which defendant will rely in support of his motion for a new trial of the above entitled cause. The following witnesses, after being duly sworn, testified as follows."

After giving the testimony of various witnesses, the statement closed as follows :

"The pleadings and documentary evidence on file are hereby referred to and made a part of this statement, and also the instructions given by the court of its own motion and at the instance of the plaintiff, which were duly excepted to by the defendant.

"Errors of law, occurring on the trial and excepted to by the defendant, in this : The following is a specification of the errors upon which the defendant will rely in support of his motion for a new trial : 1st. The error of the court in admitting the testimony excepted to by the defendant, for the reasons hereinbefore set forth; and, 2d. That the court erred in giving the first instruction asked by the plaintiff, the same not correctly stating the law, being inapplicable to the case at bar, and calculated to mislead the jury on the question of what is sufficient delivery of personal property in order to perfect the title of the vendee as

against the creditors of the vendor, and that the court also erred in giving the instruction given by the court of its own motion, for the same reason last mentioned.

"2d. Insufficiency of the evidence to justify the verdict of the jury and the judgment, and that the same are against law in this: 1st. That the evidence showed that there was no such delivery and change of possession of the property in dispute, mentioned in the bill of sale, as is by law required to perfect the title to said property as against the creditors of the vendor. 2d. That the evidence shows that the pretended sale of said property was made for the purpose of hindering, delaying and defrauding the creditors of the vendor, and that the vendee was in collusion with the vendor in such attempt to hinder, delay and defraud such creditors.

"3d. That the evidence showed that the wood attached was hauled by the teams of Gugger, driven by a man in his employ, under contract made by him to haul on shares, and which wood belonged to him, or at that time he had an attachable interest therein."

The motion for new trial having been overruled, defendant appealed from the order and from the judgment.

*Clayton & Davis*, for Appellant.
No brief on file.

*R. S. Mesick*, for Respondent.

I. The order denying a new trial cannot be disturbed, inasmuch as the transcript shows no available specification of error committed by the court below, nor any error committed, nor any injustice or illegality in the verdict. As to the errors attempted to be assigned, the first is too general to be available. *Caldwell* v. *Greely*, 5 Nev. 258; *Corbett* v. *Job*, 5 Nev. 201; *People* v. *Central Pacific R. R. Co.*, 43 Cal. 422. And besides, there is nothing in the transcript to

which the assignment can apply; for there is no exception or objection shown to the admission of any testimony. There is only one exception shown in the transcript, and that is to the denial of a motion to strike out evidence after it had been admitted without objection. The acts of striking out evidence, and of admitting it, are totally different.

II. The point that the evidence was insufficient to justify the verdict, can not be considered, for the reason that it is in no way shown that the statement contains all the material evidence before the jury upon which the verdict was found. *State* v. *Bond,* 2 Nev. 265; *Sherwood* v. *Sissa,* 5 Nev. 349; *Bowker* v. *Goodwin,* 7 Nev. 135; *State* v. *Parsons,* 7 Nev. 58; *Caples* v. *Central Pacific R. R. Co.,* 6 Nev. 265.

By the Court, HAWLEY, J.:

The statement on motion for new trial does not show that it contains all the evidence. This Court has frequently and uniformly held that when the motion for a new trial is based, as in the present case, upon the insufficiency of the evidence to justify the verdict, the statement will not be considered unless it affirmatively shows that it contains all the material evidence produced at the trial. This rule of practice has been established so long, and affirmed so often, that it should not again be questioned.

The objection urged against the ruling of the court in not striking out the testimony of the witness Boutin will not be considered, because it is not specified in the assignment of errors. The assignment of " error of the court in admitting the testimony excepted to by the defendant " as contained in the statement, is entirely too general. The appellant must specify the *particular* errors upon which he relies.

"If no such specifications be made, the statement *shall be disregarded.*" Stats. 1869, 227, Sec. 197; *Corbett* v. *Job,* 5 Nev. 205; *Caldwell* v. *Greely,* 5 Nev. 260.

It is as unsatisfactory to the Court, as it is to counsel, to have cases disposed of upon mere questions of practice. But it must be remembered, that the rules of practice are as obligatory upon us as upon the parties to a suit; and if attorneys desire to have their cases examined upon the merits, they must comply with the plain provisions of the statute, and the rules of practice as established by the Court.

The judgment and order denying a new trial are affirmed.