[No. 782.]

GEORGE S. ELDER ET AL., APPELLANTS, *v.* JAMES R. SHAW, RESPONDENT.

STATEMENT ON MOTION FOR NEW TRIAL—INSUFFICIENCY OF EVIDENCE.—An assignment of error upon the ground of insufficiency of evidence to justify the findings and judgment will be disregarded, unless it specifies the particulars in which such evidence is alleged to be insufficient.

EQUITY WHEN NOT THE PROPER REMEDY.—A suit in equity to enjoin the assignment of an undertaking on attachment, or the commencement of an action thereon, upon the ground that said undertaking is void *ab initio*, will not be maintained, as the parties, in the event of a suit upon the undertaking, would have a complete remedy at law.

APPEAL from the District Court of the Third Judicial District, Lyon County.

The facts appear in the opinion.

*T. W. W. Davies and Thomas Wells*, for Appellants:

I. The attachment was fraudulently procured, and was void *ab initio.* The bond given to release it cannot be enforced at law. (Drake on Attachment, secs. 416, 173 *a*, 274 *et seq.; Drummond* v. *Stewart*, 8 Iowa, 341.)

II. Unless enjoined, the bond may be assigned to an innocent purchaser. (3 Daniel Ch. Pr. 1726, 1755, and 1756; Hilliard on Judgments, 291 *et seq.*)

III. The district court had full power, under the well established rules of equity jurisprudence, to enjoin the enforcement of this bond. (3 Daniel's Ch. Pl. & Pr. 1755–56; 2 Story's Eq. Jur., secs. 953, 906–7; *Osborn* v. *U. S. Bank*, 9 Wheaton, 738; Eden on Inj., 2 Ames's Ed. 341–45; *Darst* v. *Brockway*, 11 Ohio, 462; *Atlantic De Laine Co.* v. *Tredick*, 5 R. I. 171; 2 Nev. 154; 7 Barb. 253; 1 Denio, 184; 9 Ark. 159; 7 La. 668; 5 Ark. 457; 14 La. 82; Drake on Attachment, sec. 317.)

*John Powell, Jr.*, for Respondent:

I. The plaintiff has a speedy and adequate remedy by an ordinary action at law, and a court of equity will not interpose to enjoin the proceedings. (4 Cal. 177; 7 Cal. 276; 30 Cal. 325; 32 Cal. 265; *Hamer* v. *Kane*, 7 Nev. 612; *Connery* v. *Swift*, 9 Nev. 39.)

By the Court, LEONARD, J.:

On the thirtieth of November, 1874, respondent Shaw commenced an action in the justice court, Silver City township, Lyon county, in this state, against one J. B. Laws, to recover one hundred and thirty dollars, alleged to be due for feeding stock. An attachment was demanded and regularly issued, so far as appears on the face of the papers; eight horses and a wood wagon were attached as the property of defendant, Laws, by the constable of said township. For the purpose of obtaining a release of the prop-

erty, the plaintiffs in this suit executed and delivered to the constable the following document, to wit:

"Justice Court, Silver City Township, Lyon County, Nevada. *J. R. Shaw* v. *J. B. Laws*, undertaking on release of property—Whereas, there has been an attachment levied this day on eight horses and one wagon belonging to the above defendant, by one Sanford Spaulding, constable of Silver City township, Lyon county, Nevada, we, the undersigned, do undertake on the part of said defendant, that the said horses shall be forthcoming when called for by any court having jurisdiction over the above entitled action, together with one wood-wagon, and in default thereof we will pay all damages which the plaintiff may sustain thereby.

" Witness our hands and seals, this thirtieth day of November, 1874.

"GEO. S. ELDER, [L. S.]
"C. BECKER, [L. S.]"

This document was accepted by the constable and the property released from attachment. A jury trial was had in the justices' court and a verdict rendered for defendant Laws. Thereupon judgment for costs was entered against plaintiff Shaw, who appealed to the district court, where a jury trial was waived, and the findings and judgment of the court were for plaintiff. At both trials defendant pleaded, and claimed to have proven, that the demand upon which the action was brought had been fully paid by a conveyance of certain real property from one Jones to the plaintiff Shaw. The said conveyance was, on its face, an absolute deed, and the consideration named was three hundred and eighty dollars gold coin. At each trial plaintiff claimed that the conveyance, when executed, was intended as a mortgage, and the real issue was, whether the deed was in fact absolute, and that, as a consequence, the debt sued on was extinguished, or, by the intention of the parties, a mortgage. From the somewhat conflicting testimony, the appellate court found the latter to be the fact, and rendered judgment for plaintiff for one hundred and thirty dollars and costs. Subsequently these plaintiffs brought this suit in the said district court

for the purpose of enjoining defendant herein from assigning said document or instituting any action thereon against plaintiffs or either of them, and for judgment declaring the same null and void and that it be canceled.

On the trial, at the conclusion of plaintiff's proofs, defendant, by his counsel, moved for a nonsuit upon various grounds. The motion was taken under advisement by the court and defendant introduced his evidence. When the proofs were all in, the court granted the motion for nonsuit, and rendered judgment in favor of defendant for his costs. Plaintiffs duly excepted.

Plaintiffs moved for a new trial on the following grounds: "First. On the ground of insufficiency of evidence to justify the findings and judgment of the court, and because the same is against law; Second. Errors in law, which occurred at the trial, then and there excepted to by plaintiffs."

The first assignment will be disregarded, inasmuch as the statement does not "specify the particulars in which such evidence is alleged to be insufficient."

Under the last assignment the particular error stated as the one upon which plaintiffs will rely, is the granting of the motion for a nonsuit, then and there duly excepted to by plaintiffs, the assigned error being thus stated: "That the findings, decision and judgment of the court are against law in this: That it was shown on the trial that the undertaking in question was obtained by the wrongful and fraudulent affidavit of the defendant in his suit against Laws, set forth in the bill in this cause."

It plainly appears from the statement in this case that the deed from Jones to Shaw was intended as a mortgage, and that it was given and accepted, in part, to secure the payment of the said sum of one hundred and thirty dollars due from Laws to Shaw.

The debt having been secured by a mortgage, appellants claim that under the statute the writ of attachment was improperly issued; that the bond in question was void *ab initio,* and that it could not be enforced in an action at law. So, too, it was held by the court below. If this be true, then certainly there was no occasion for a suit in equity, for

in any event appellants would then have a perfect and adequate defense in an action at law. If respondent should sue, counsel for appellants say they would have a good defense at law; but they intimated in the argument, that if the document in question should be assigned to an innocent purchaser without notice, then appellants might not be able, successfully, to interpose their defense. But such is not the case. To an action brought upon such a chose in action as the one in question, appellants' defense would be as complete, in case they were sued by an assignee, as it would be if the suit was brought by respondent. (Sec 5, Civ. Prac. Act.)

In any event, then, should an action be instituted upon the document in question, appellants would have all the means of defense to which they are entitled. In other words, they would have a complete remedy at law. If the instrument is void or voidable, as claimed by appellants, should the necessity arise, they could avail themselves of such plea and defense.

Equity will interpose only when the remedy at law is not adequate or complete. (*Butler et al.* v. *Durham*, 2 Ga. 413; *Hamer* v. *Kane*, 7 Nev. 63.) Besides, although respondent's insolvency and his inability to respond in damages are alleged in the bill, yet these allegations are fully denied in the answer, and there was no proof to sustain either.

We are of the opinion that the court below did not abuse its sound discretion, and the judgment of nonsuit is affirmed.