[No. 962.]

# WM. A. TULL, APPELLANT, *v.* J. P. ANDERSON, RESPONDENT.

AUTHENTICATED STATEMENT—WHERE NO AMENDMENTS ARE FILED.—The certificate of the clerk, that no amendments were ever proposed, is a sufficient authentication of a statement, to which no amendments are proposed, and is sufficient proof of that fact.

STATEMENT—MUST BE FILED IN STATUTORY TIME.—The record shows that the statement was not filed or served until nineteen days after the verdict of the jury: *Held*, too late.

TRANSFER OF CAUSE FROM JUSTICE'S COURT TO THE DISTRICT COURT—QUESTION OF RIGHT OF POSSESSION.—Where the trial of a case, in a justice's court, involves a question of possession, and right of possession of real estate, the case should be transferred to the district court.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts sufficiently appear in the opinion.

*Geo. P. Harding,* for Appellant.

*Fisk & Windle,* for Respondent.

By the Court, BEATTY, C. J.:

This action was originally commenced in a justice's court, to recover one hundred and fifty dollars, the alleged value of hay growing on land claimed by plaintiff, which the defendant was charged to have converted by entering upon the land with force and arms.

On the filing of a verified answer denying plaintiff's right to the *locus in quo,* and setting up a claim thereto on the part of the defendant, the justice decided that the determination of the action would necessarily involve a question of possession, and right of possession, of real property, and thereupon transferred the case to the district court (Comp. L., sec. 1600), where it was tried by a jury, and verdict and judgment rendered for the defendant.

Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The district court, upon what particular ground does not clearly appear from the opinion of the judge, refused to

entertain the motion for a new trial on its merits. The ground upon which counsel for respondent defends this action, or that at least upon which he asks us to disregard the statement on motion for new trial, is, that it is not authenticated. But we see no fault to find with it in that respect. It is the original statement proposed by the plaintiff, accompanied by a certificate of the clerk, that no amendments were ever proposed by the defendant. This is a sufficient authentication of a statement to which no amendments are proposed, and sufficient proof of that fact. (Pr. Act, sec. 197.)

It does appear, however, that the statement was not filed or served until nineteen days or more after the verdict of the jury, which was too late, unless the time for filing was extended by order of the court or by stipulation of the parties (Pr. Act, sec. 197), and there is nothing in this record to show that the time was extended. We must presume, therefore, that the district court refused to hear the motion on its merits, because the moving party had not taken the necessary steps in time. If so, the decision was correct, and must be affirmed.

The only other question in the case arises upon the appeal from the judgment. The appellant contends that the district court had no jurisdiction of the case, that the complaint and answer raised no issue as to the ownership of land, and that the district court erred in assuming jurisdiction. We think, on the contrary, that it appears very plainly from the complaint and answer, that the only issue between the parties was the right of possession to the land upon which the hay was growing when defendant entered and cut it, and that the case was properly transferred to the district court.

Appellant seems to suggest, rather than argue, that the judgment is erroneous, because it is for a greater amount than the defendant claimed in his answer.

The defendant asked, by his answer, for a judgment for costs merely. This judgment is for three hundred dollars, the costs and disbursements of the defendant in the action. This is certainly a pretty heavy cost bill in a case like this,

but it is not impossible that the defendant may have been put to that expense in defending the action, and there is nothing in the record before us upon which we can assume to decide that the allowance was excessive.

The judgment and order appealed from are affirmed.