[No. 1255.]

W. A. EARLES, ET AL., RESPONDENTS, *v.* THOMAS H. GIL-HAM, APPELLANT.

STATEMENT ON MOTION FOR NEW TRIAL—MUST CONTAIN SPECIFICATION OF ERRORS — AMENDMENTS OF, WHEN SHOULD NOT BE ALLOWED.—The provision of Sec. 197 of the Civil Prac. Act, to the effect that the statement on a motion for a new trial must contain the specifications of error relied upon, is imperative; and, after the time allowed by the statute for amendments has passed, the trial court has no authority to allow the paper filed as a statement to be amended by adding thereto specifications of error which had, as claimed in the affidavit in support of the motion, been inadvertently omitted.

APPEAL from the District Court of the Sixth Judicial District, Eureka county.

The facts sufficiently appear in the opinion.

*Baker & Wines*, for Appellant.

I.  The court erred in allowing the plaintiffs to amend their statement on motion for a new trial after the time had expired to make the same. (*Hutton* v. *Reed*, 25 Cal. 483; *Barrett* v. *Tewksbury*, 15 Cal. 354; *Haggin* v. *Clark*, 28 Cal. 163; *Partridge* v. *San Francisco*, 27 Cal. 416; *Ferrer* v. *Home M. Ins. Co.*, 47 Cal. 416; *Coleman* v. *Gilmore*, 49 Cal. 340; *Dick* v. *Bird*, 14 Nev. 165; *Whitmore* v. *Shiverick*, 3 Nev. 300; *Lamance* v. *Byrnes*, 17 Nev. 202; *Elder* v. *Shaw*, 12 Nev. 81; Hayne on N. Tr., Sec. 149.)

*H. K. Mitchell* and *A. E. Cheney*, for Respondents.

I.  The court has the power to amend a certified statement by adding specifications of error.

The original statement was incomplete, but it was not a nullity.  It was perfect, except in the particular referred to, and contained in fact all the grounds of the motion.  It omitted merely the formal requisite of a specification of those grounds.  In that respect alone it was amended; not a fact or exception was added.  Nothing additional was interposed that could in any manner affect the merits of the motion.  The amendment was clearly in furtherance of justice, and its allowance by the judge was a matter of discretion, and not, as we

think, a question of power. (*Valentine* v. *Stewart*, 15 Cal. 396; *Loucks* v. *Edmondson*, 18 Cal. 203; *Flynn* v. *Cottle*, 47 Cal. 526; Hayne N. T. & Ap., Sec. 260, p. 476.)

Amendments of this character being in furtherance of justice should be liberally allowed. (Civil Pr. Act, Sec. 68; *Caldwell* v. *Greeley*, 5 Nev. 258.)

II.   The rule that a record cannot be amended after term time, except when the record contains matters to amend by, does not apply to proceedings for a new trial. (*Spanagel* v. *Dellinger*, 34 Cal. 476; Hayne N. T. & Ap., Sec. 160, p. 478.)


By the Court, HAWLEY, J.:


A judgment was rendered in this action in favor of appellant on the second day of July, 1886, and, within the statutory time thereafter, respondents served and filed what purported to be a statement on motion for a new trial. There were no assignments or specifications of error stated therein. Appellant did not file any amendments thereto, and the time for filing such amendments expired on the twentieth of August, 1886. On the twenty-first of September, 1886, respondents moved the court to amend the paper on file by adding thereto the specifications of error which had, as claimed in an affidavit, been inadvertently omitted. The court made an order permitting such an amendment to be made.

Did the court have any authority to make this order? Was there any statement on file to be amended? Statements on motion for a new trial must be filed within the statutory time. (*Clark* v. *Strouse*, 11 Nev. 76; *Harrison* v. *Lockwood*, 14 Nev. 263; *Tull* v. *Anderson*, 15 Nev. 426; *Golden Fleece G. & S. M. Co.* v. *Cable Con. G. & S. M. Co.*, Id. 450; *Elder* v. *Frevert*, 18 Nev. 278; *Robinson* v. *Benson*, 19 Nev. 331.) Courts have no authority to extend the time for filing a statement after the statutory time has expired. (*Clark* v. *Strouse*, and *Elder* v. *Frevert*, *supra*.) The statute declaring how and when statements shall be prepared and filed, provides that "when the notice designates, as the ground upon which the motion will be made, the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates, as the ground of the motion, error in law occurring

at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded." (Gen. Stat. 3219; Civ. Pr. Act, Sec. 197.) These provisions have always been deemed imperative.

Since the adoption of the statute, this court has uniformly and repeatedly declared that, if the statement does not contain the specifications, it will be disregarded. (*Corbett* v. *Job*, 5 Nev. 201; *Caldwell* v. *Greeley*, Id. 258; *McWilliams* v. *Herschman*, Id. 263; *Meadow Val. M. Co.* v. *Dodds*, 6 Nev. 261; *Clarke* v. *Lyon Co.*, 8 Nev. 182; *Sherman* v. *Shaw*, 9 Nev. 148; *Elder* v. *Shaw*, 12 Nev. 81; *Lamance* v. *Byrnes*, 17 Nev. 201.) The conclusions arrived at were reached upon the ground that the specifications of error, by the clear language of the statute, are made an essential part of the statement. If omitted, there is no statement for the courts to act upon.

In *Corbett* v. *Job*, the court disregarded a so-called statement on appeal which did not contain a statement of the particular errors or grounds relied upon, because it was "in no sense a statement."

In *McWilliams* v. *Herschman*, the court in commenting upon the statutory requirements of a statement on motion for a new trial, said: " The statement, until the errors to be relied on are properly specified, is virtually no statement," and that " the court has no more right to grant a new trial upon a statement, defective as this is, than it has where there is no statement at all."

The paper filed by respondents did not comply with the provisions of section 197. One of the essential elements of a statement on motion for a new trial was entirely omitted. The court had no more authority to allow an amendment to this paper, after the time for filing a statement had expired, than it would have to grant leave to file a statement after the expiration of such time, or to grant a new trial without any statement. There was no statement on file upon which to base an amendment, and the court could not, under such circumstances, impart vitality and life to a thing that did not exist.

The order appealed from is hereby reversed and set aside.

LEONARD, C. J., did not participate in this decision.