QUIÑONES, PETITIONER, *v.* FOOTE, DISTRICT JUDGE, RESPONDENT (ANA MARÍA SUGAR CO., INC., INTERVENOR).

PETITION for a Writ of *Mandamus* Commanding Respondent to Allow an Amendment to a Statement of the Case for the Purpose of a Motion for a New Trial.

No. 150.—Decided January 10, 1916.

STATEMENT OF CASE—INSUFFICIENCY OF EVIDENCE—AMENDMENT.—A statement of the case on motion for a new trial which does not specify the insufficiency

of the evidence to support the judgment is incomplete, but not invalid, and in the interest of justice may be amended even after the expiration of the time fixed by law for its filing.

MANDAMUS—EXTRAORDINARY REMEDY.—A writ of *mandamus* is an extraordinary remedy and should not be granted when there is an adequate, speedy and efficient remedy at law.

ID.—STATEMENT OF CASE—MOTION FOR NEW TRIAL—APPEAL—INSUFFICIENCY OF EVIDENCE.—A ruling by a district judge refusing to approve a statement of the case on motion for a new trial is appealable, and this ordinary remedy can be substituted by an extraordinary remedy only when the former would result in a complete failure of justice, a result not disclosed in this case inasmuch as the matter of the insufficiency of the evidence can be reviewed in the appeal from the judgment.

ID.—STATEMENT OF CASE—AMENDMENT—INSUFFICIENCY OF EVIDENCE.—A writ of *mandamus* does not lie to command a district judge to rule on an amendment to a statement of the case on motion for a new trial which does not contain a specification of the insufficiency of the evidence and is ineffective for the end sought by the petitioner because it is too general and fails to comply with the object of the law.

STATEMENT OF CASE—MOTION FOR NEW TRIAL—INSUFFICIENCY OF EVIDENCE.—In requiring that a statement of the case on motion for a new trial based on the insufficiency of the evidence to support the judgment shall contain a specification of the particulars in which the evidence is insufficient, the object of the law is to call the attention of the court and of the adverse party to the points regarding which the evidence is deemed insufficient, therefore a specification of insufficiency which does not draw attention to specific points of the evidence is insufficient.

The facts are stated in the opinion.

Messrs. *Francisco Soto Gras* and *José Sabater* for the petitioner.

Hon. *Charles E. Foote,* respondent, appeared by brief.

Mr. *Leopoldo Feliú* for the intervenor.

MR. JUSTICE ALDREY delivered the opinion of the court.

Judgment having been rendered in an action brought by Tomás Quiñones in the District Court of Mayagüez against the corporation Ana María Sugar Company, the plaintiff moved for a new trial and also appealed from the judgment.

One of the grounds of the appeal and of the motion for a new trial is the insufficiency of the evidence to justify the decision of the court and its findings of fact, and in support of this contention a statement of the case was duly filed without specifying the particulars in which the evidence is in-

sufficient, as required by subdivision 3 of section 223 of the
Code of Civil Procedure.

The motion for a new trial came on for hearing and the
matter of the insufficiency of the evidence was left pending
until the approval of the statement of the case, and the defend-
ant moved that said statement be disregarded because it
did not conform to subdivision 3 of section 223, *supra.* The
court set the hearing on the said motion for the same day
which had been fixed for hearing the parties regarding amend-
ments to and approval of the statement of the case. On that
day the plaintiff moved for leave to make the following
amendment to the statement:

"To insert at the end of the defendant's evidence that the testi-
mony of Alfonso Valdés, Pelayo Vale and H. Hiltz, in so far as
the same refers to the contract of purchase and sale of sugar entered
into by the parties, is insufficient to prove the contention on which
the defendant bases its defense to the effect that the plaintiff was
bound by the contract to deposit in the Royal Bank of Canada of
this city the value of the sugar sold before the same was delivered
to him."

After hearing the parties the court sustained the defend-
ant's objection to the statement of the case upon which the
motion for a new trial was made, also overruled the motion to
amend by adding a specification of the insufficiency of the
evidence and approved the statement of the case to be used
in the appeal from the judgment.

After this ruling the plaintiff applied to one of the justices
of this court for a writ of mandamus to command the judge
of the district court to allow the said amendment and then ap-
prove the statement of the case in so far as the same relates
to the purposes of the motion for a new trial. A conditional
writ of mandamus having issued, the judge answered that he
could not comply therewith because the motion to amend
having been made after the expiration of the legal period for
filing the statement of the case with the specification of the
insufficiency of the evidence, he lacked jurisdiction to allow

the addition of such specification, citing the case of *Earles* v. *Gilham,* 20 Nev. 46. The defendant, whom we allowed to intervene on the day set for the hearing on the petition, also opposed the petition and offered in evidence the transcript of the record filed in this court by reason of the appeal taken by the plaintiff from the ruling refusing to grant him a new trial.

The Nevada case cited by the judge supports his ruling, but the petitioner contends that according to the case of *Ríos* v. *Ríos,* 15 P. R. R. 263, the judge has jurisdiction to pass upon and admit the amendment proposed by him. That was a case of an appeal from a ruling refusing to approve a statement of the case in support of a motion for a new trial on the ground that the evidence was insufficient to justify the judgment because the said statement did not contain the specification required by subdivision 3 of section 223 of the Code of Civil Procedure, and it was said that the appellant could ask the court for leave to amend the statement by adding the specification of the insufficiency; and although it was not said expressly that the amendment could be made after the expiration of the time fixed by law for the filing of the statement of the case, such is the effect of that decision inasmuch as the approval always takes place after the expiration of the said period.

Although the doctrine laid down in the Nevada case is not in harmony with that of the case of *Ríos* v. *Ríos, supra,* we prefer to follow the latter because it is supported by the jurisprudence of California and Idaho whence our code of procedure is derived, for which reason we have said previously that we prefer to follow the doctrine established by the tribunals of those states. In the case of *Valentine* v. *Steward,* 15 Cal. 397, it was held that a statement of the case in support of a motion for a new trial which did not specify the insufficiency of the evidence to justify the judgment, is incomplete but not invalid and for the ends of justice could be amended even after the expiration of the time fixed by

law for its filing, which doctrine was also laid down in the cases of *Loucks* v. *Edmonson,* 18 Cal. 204, and *Smith* v. *City of Stockton,* 73 Cal. 205, decided in the same year in which the judgment was rendered in the Nevada case and cited with approval in the case of *Miller* v. *Hunt,* 7 Idaho, 489, in the year 1901.

But notwithstanding the foregoing, a peremptory writ of mandamus should not be issued because, being an extraordinary remedy, it should not be granted generally when an adequate, speedy and effective remedy lies. at law.

The judge of the district court refused to approve the statement of the case in support of the motion for a new trial because the said statement did not contain specifications of the insufficiency of the evidence and because he believed himself to be without jurisdiction to allow an amendment adding the same. That ruling was clearly a refusal to approve a statement of the case for the purposes of a motion for a new trial, which is held to be appealable in the case of *Ríos* v. *Ríos, supra,* and this ordinary remedy can only be substituted by extraordinary remedies when the former would result in a complete failure of justice, which would not occur in the present case inasmuch as the matter of the sufficiency of the evidence can be reviewed in the appeal which has been taken from the judgment.

Moroever, a writ of mandamus should not issue when it would be inadequate. The object of this petition is doubtless to inform the judge that he has jurisdiction to pass upon the amendment submitted and should exercise his discretion in regard thereto, but such an order would be ineffective because the amendment proposed by the petitioner is not adequate for the end sought, because as the amendment is worded it does not contain a specification of the insufficiency of the evidence and its admission would have to be denied.

In requiring that the statement of the case in support of a motion for a new trial based on the insufficiency of the evidence to justify the judgment shall contain a specification

of the particulars as to which the evidence is insufficient, the object of the law is to call the attention of the court and of the adverse party to the points regarding which the evidence is deemed insufficient; therefore a specification of insufficiency which does not draw attention to specific points of the evidence is insufficient. In the present case the amendment consisted of a statement that the testimony of the witnesses designated therein is insufficient to prove the condition on which the defendant bases his defense, i. e., that the plaintiff was bound by agreement to deposit the value of the sugar sold, thus repeating the words of the statute but without specifying in what manner the said testimony is not sufficient for the purpose sought to be established by the defendant. The specification contained in the amendment is too general and does not meet the requirements of the statute or contain a specification of the insufficiency of the evidence. *Silva* v. *Salamanca*, 14 P. R. R. 529; *De Molera* v. *Martín*, 120 Cal. 544; *Taylor* v. *Bell*, 128 Cal. 306.

For the foregoing reasons the petition for a writ of mandamus should be denied and the conditional writ discharged.

*Petition denied.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.