QUIÑONES, PETICIONARIO, Y FOOTE, JUEZ DE DISTRITO, DEMANDADO, Y ANA MARÍA SUGAR COMPANY, INC., INTERVENTORA.

SOLICITUD para que se expida un auto de *mandamus* al demandado, como juez de la Corte de Distrito de Mayagüez, para que permita una adición en un proyecto de exposición del caso a los efectos de una moción de nuevo juicio, y apruebe el mismo.

No. 150.—Resuelto en enero 10, 1916.

NUEVO JUICIO—EXPOSICIÓN DEL CASO PARA UN NUEVO JUICIO—ESPECIFICACIÓN DE INSUFICIENCIA DE LA PRUEBA—ENMIENDAS.—Una exposición del caso para un nuevo juicio que no contiene la especificación de insuficiencia de la prueba para sostener la sentencia, es incompleta pero no nula, y en bien de la justicia puede ser enmendada aún después de transcurrir el plazo legal para su presentación.

MANDAMUS—REMEDIO ADECUADO, RÁPIDO Y EFICAZ.—El auto de *mandamus* es un recurso extraordinario y no debe ser expedido cuando existe un remedio en ley adecuado, rápido y eficaz.

NUEVO JUICIO—EXPOSICIÓN DEL CASO PARA UN NUEVO JUICIO—RESOLUCIÓN APELABLE—FRACASO DE LA JUSTICIA—INSUFICIENCIA DE LA PRUEBA.—Es apelable la resolución de un juez de distrito denegando la aprobación de un pliego de exposición del caso para ser utilizado en una moción de nuevo juicio, y sólo debe sustituirse este recurso ordinario por uno extraordinario cuando aquél habría de resultar en un completo fracaso de la justicia, lo que no ocurre en el presente caso, por cuanto la revisión de la insuficiencia de la prueba puede ser hecha en el recurso de apelación establecido contra la sentencia.

ID.—ENMIENDA A UN PLIEGO DE EXPOSICIÓN DEL CASO—ESPECIFICACIÓN DE INSUFICIENCIA DE LA PRUEBA—RECURSO INEFICAZ.—Es ineficaz el auto de *mandamus* para ordenar a un juez de distrito que resuelva sobre una enmienda a un pliego de exposición del caso para sostener una moción de nuevo juicio que no contiene la especificación de insuficiencia de la prueba y para que ejercite su discreción con respecto a ella, cuando tal enmienda no es suficiente para el fin que persigue el peticionario por ser demasiado general, no cumplir con el propósito de la ley, ni contener dicha especificación de insuficiencia de la prueba.

ID.—EXPOSICIÓN DEL CASO PARA UN NUEVO JUICIO—ESPECIFICACIÓN DE INSUFICIENCIA DE LA PRUEBA—OBJETO DE LA LEY.—El objeto que se propone la ley al exigir que la exposición del caso para sostener una moción de nuevo juicio, basada en la insuficiencia de la prueba para sostener la sentencia, contenga

una especificación de los particulares en los cuales la prueba es insuficiente, es llamar la atención del tribunal y de la parte contraria a los puntos respecto de los cuales se estima que la prueba es insuficiente, y por eso una especificación de insuficiencia que no llama la atención hacia determinados extremos de la prueba es insuficiente.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. Francisco Soto Gras* y *José Sabater.*

El Juez demandado Sr. Charles E. Foote compareció por escrito en nombre propio.

Abogado de la interventora: *Sr. Leopoldo Feliú.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Dictada sentencia en el pleito que don Tomás Quiñones sigue en la Corte de Distrito de Mayagüez contra la corporación Ana María Sugar Co., solicitó el demandante que se le concediera un nuevo juicio y también apeló de la sentencia.

Uno de los motivos del aviso y de la moción de nuevo juicio es la insuficiencia de la prueba para justificar la decisión del tribunal y sus conclusiones de hecho y para sostenerlo presentó en tiempo oportuno una exposición del caso sin especificación de los particulares en los cuales la prueba es insuficiente, según exige el inciso 3º. del artículo 223 del Código de Enjuiciamiento Civil.

El día en que se discutió la moción de nuevo juicio quedó pendiente el particular de la insuficiencia hasta que se aprobara el pliego de exposición del caso, y solicitó la parte demandada que no se aprobara la exposición del caso presentada por no cumplir con el requisito del inciso 3º. del artículo 223 *supra,* moción que el juez señaló para ser discutida el mismo día que estaba fijado para oir a las partes respecto a enmiendas en la exposición y para su aprobación. En este día la parte demandante solicitó que se permitiera hacer en el pliego la siguiente enmienda:

"Insertar al final de la prueba del demandado, que las declaraciones de Alfonso Valdés, Pelayo Vals y Mr. H. Hiltz, en cuanto se refie-

ren al contrato de compraventa de azúcar verificado por las partes, son insuficientes para probar la condición en que basa su defensa el demandado, de que el demandante estaba obligado, según convenio, a consignar en el *Royal Bank of Canada* de esta ciudad, el importe de los azúcares vendidos, antes de la entrega de éstos, al demandante.''

Después de oir el tribunal a las partes sostuvo la oposición de la demandada a la aprobación de la exposición del caso para ser utilizada en la moción de nuevo juicio, desestimó también la petición de enmienda para incluir la especificación de la insuficiencia de la prueba y aprobó el pliego para ser utilizado en el recurso de apelación contra la sentencia.

Después de esta resolución el demandante presentó a uno de los jueces de este tribunal una solicitud de *mandamus* para que se ordenara al juez de distrito que permita la referida enmienda y proceda después a aprobar la exposición del caso en cuanto se refiere a los efectos de la moción de nuevo juicio. Expedido un auto condicional lo contestó el juez alegando que no podía cumplir lo que se le ordenaba porque presentada la enmienda después de transcurrido el plazo legal para presentar la exposición del caso con la especificación de la insuficiencia de la prueba carecía de jurisdicción para permitir que se agregase tal especificación y citó en su apoyo el caso de *Earles* v. *Gilham*, 20 Nev. 46. La parte demandada a quien admitimos como interventora el día que estaba señalado para la vista de la petición también se opuso a la solicitud y presentó como prueba la transcripción que obra en este tribunal con motivo de la apelación establecida por el demandante contra la resolución que le negó la concesión de nuevo juicio.

El caso de Nevada citado por el juez sostiene su resolución, pero alega la parte peticionaria que de acuerdo con el caso de *Ríos* v. *Ríos*, 15 D. P. R. 284, tiene el juez jurisdicción para resolver sobre la enmienda que propuso y para admitirla. En este caso se trataba de una apelación contra la resolución que negó la aprobación de un pliego de exposi-

ción del caso para sostener una moción de nuevo juicio por el fundamento de ser insuficiente la prueba para sostener la sentencia, porque no contenía la especificación que exige el inciso 3°. del artículo 223 del Código de Enjuiciamiento Civil y se dijo que el apelante pudo pedir permiso al tribunal para enmendar la exposición del caso a fin de agregarle la especificación de la insuficiencia, y aunque no se dijo expresamente que la enmienda podía hacerse después de transcurrido el plazo legal para la presentación del pliego, éste es el alcance de esa resolución ya que la aprobación siempre tiene lugar después de transcurrido dicho plazo.

Aunque la doctrina sentada en este caso de Nevada no está acorde con la del caso de *Ríos* v. *Ríos, supra,* preferimos seguir sosteniendo el criterio del último porque encuentra apoyo en la jurisprudencia de California y de Idaho de donde procede nuestro código de procedimiento, pues ya hemos dicho antes de ahora que seguiremos con preferencia la doctrina que con respecto a él han sentado sus tribunales. En el caso de *Valentine* v. *Steward,* 15 Cal. 397, se declaró que una exposición del caso para un nuevo juicio que no contenía especificación de la insuficiencia de la prueba para sostener la sentencia es incompleta pero no una nulidad y que en bien de la justicia podrá ser enmendada aun después de transcurrido el plazo legal para su presentación, doctrina que también se sienta en el caso de *Loucks* v. *Edmonson,* 18 Cal. 204, y en el de *Smith* v. *City of Stockton,* 73 Cal. 205, resuelto en el mismo año en que se dictó la sentencia en el caso de Nevada, y que fué citado con aprobación en el de *Miller* v. *Hunt,* 7 Idaho, 489, del año 1901.

Mas a pesar de lo expuesto, el auto perentorio de *mandamus* no debe ser expedido porque siendo un recurso extraordinario no debe concederse generalmente cuando existe un remedio en ley que sea adecuado, rápido y eficaz.

El juez de distrito se negó a aprobar el pliego de exposición del caso para ser utilizado en la moción de nuevo juicio porque carecía de la especificación de la insuficiencia de

la prueba y porque se creyó sin jurisdicción para admitir una enmienda que la agregara. Esa resolución claramente era una negativa de aprobación de una exposición del caso para un nuevo juicio, que es apelable según se declara también en el caso de *Ríos* v. *Ríos, supra,* y solamente debe sustituirse este recurso ordinario por los extraordinarios cuando aquél habría de resultar en un completo fracaso de la justicia, lo que no ocurriría en el presente caso, por cuanto la revisión de la suficiencia de la prueba puede ser examinada en el recurso de apelación que tiene establecido contra la sentencia.

Además, el auto de *mandamus* no debe expedirse cuando su concesión sería ineficaz. El objeto de esta petición es sin duda que se le diga al juez que tiene jurisdicción para resolver sobre la enmienda que se le propuso y que ejercite su discresión con respecto a ella, pero sería ineficaz la expedición de la orden porque la enmienda propuesta por el peticionario no es suficiente para el fin que persigue porque tal como está redactada no contiene especificación de insuficiencia de la prueba y tendría que ser negada su admisión.

El objeto que se propone la ley al exigir que la exposición del caso para sostener una moción de nuevo juicio basada en la insuficiencia de la prueba para sostener la sentencia contenga una especificación de los particulares en los cuales la prueba es insuficiente es llamar la atención del tribunal y de la parte contraria a los puntos respecto de los cuales se estima que la prueba es insuficiente y por eso una especificación de insuficiencia que no llama la atención hacia determinados extremos de la prueba es insuficiente. En este caso la enmienda consistía en hacer constar que las declaraciones de los testigos que menciona son *insuficientes* para probar la condición en que la demandada basa su defensa de que el demandante estaba obligado por convenio a depositar el importe de los azúcares vendidos, repitiendo así las palabras de la ley pero sin puntualizar por qué no son suficientes al fin que trataba de demostrar la demandada. La especificación contenida en la enmienda es demasiado general, no cum-

ple con el propósito de la ley y no contiene una especificación de insuficiencia de prueba.  *Silva* v. *Salamanca,* 14 D. P. R. 545; *De Molera* v. *Martín,* 120 Cal. 544; *Taylor* v. *Bell,* 128 Cal. 306.

Por las razones expuestas el auto de *mandamus* solicitado debe desestimarse y dejarse sin efecto el auto condicional que se libró.

> *Sin lugar la solicitud, dejándose sin efecto el auto condicional expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino.