## A. Y. EASTERBY *v.* NICOLAS LARCO.

ORDER EXTENDING TIME TO MOVE FOR NEW TRIAL.—An order of Court granting a party twenty days within which to file a statement to be used on a motion for a new trial made before a notice of intention to move for a new trial has been given, must be construed as extending the time to file the statement twenty days from the date of the order, and not twenty days from the time the notice is given.

TIME TO FILE STATEMENT.—If a statement on motion for new trial is not filed within five days after notice of intention to move for a new trial is given, or within such further time as may be granted by the Court, not exceeding twenty days, the right to move for a new trial is waived.

APPEAL from the District Court, Seventh Judicial District, Napa County.

The facts are stated in the opinion of the Court.

*B. T. Pate* and *H. P. Irving*, for Appellant.

*B. W. Brooks*, for Respondent.

By the Court, CURREY, J.

This action was tried and a verdict rendered therein in favor of the plaintiff, on the 5th day of June, 1863, and judgment was entered on the verdict on the day following—when the Court, on the application of defendant's counsel, granted to the defendant twenty days within which to file a statement to be used on a motion for a new trial. On the 8th of the same month the defendant gave to the plaintiff and his attorneys

notice of his intention to move for a new trial of the cause and to set aside the judgment rendered. Some time afterward the respective parties, by their attorneys, entered into a stipulation in writing, to the effect that the minutes of the testimony and proceedings in the case, taken by the Court Reporter on the trial, might be used in the place and stead of a statement on motion for a new trial, provided the defendant then had the right to file a statement or to make the motion, and had not waived such right; and it was declared by such agreement that it was not intended by it to waive any default committed, but to leave the rights of both parties as they were at that time. This stipulation was dated the 27th and filed on the 30th of June, 1863, in the office of the District Court, in Napa County, where the action was commenced and tried.

It will be presumed, in the absence of anything appearing to the contrary, that the testimony in the case, with the rulings of the Court, and the exceptions taken on the trial, were filed in the office of the Clerk of the Court within five days thereafter (Laws of 1861, p. 497,) and that the same became, at the time the stipulation of the parties was filed, the statement to be used on the motion whereof notice had been given, provided the time within which a statement for such purpose could properly be filed had not fully expired.

When the application for a new trial came on to be heard, the attorney for the plaintiff objected that the Court could not entertain the motion because the defendant had not filed any statement of the grounds on which he intended to rely in support thereof. The Court overruled the objection, and heard the application upon the stipulation filed and the minutes of the evidence and proceedings taken by the Reporter, and the rulings of the Court and the exceptions referred to in such minutes, and thereupon made an order denying the motion for a new trial. From this order and the judgment the defendant in due time appealed.

The respondent, by his counsel, still insists upon his objection made on the hearing of the motion, and we think the objection well taken; because, by the terms of the order made

on the 6th of June, the twenty days granted to the defendant in which to file his statement expired four days before the stipulation of the parties was filed. The statute (Practice Act, Section 195) provides that a party may have, after he has given due notice of his intention to move for new trial, five days, or such further time, not exceeding twenty days, as the Court or the Judge thereof may by order grant, within which to prepare and file with the Clerk a statement of the grounds on which he intends to rely; and it further provides that, if the statement is not filed within such period, or within such further time as the parties may agree upon, the right to move for a new trial shall be deemed waived.

The order granted by the Court giving to the defendant twenty days in which to file a statement on motion for a new trial, is construed by the appellant's counsel as granting to the defendant that period after the notice of the intention to move should be given, and that as the notice was filed and served on the 8th of June, he was in time if he complied with the order on the 27th of that month; and in aid of such construction, reference is made to the decision of the Judge of the Court below, who, on the hearing of the motion, overruled the objection interposed, and thus, in effect, determined that the statement was duly prepared and filed. But the language of the order is plain and unambiguous, and its import is to be ascertained by its terms. No just construction of this order could extend the time specified to the day of the filing of the stipulation. The statute requires the statement to be prepared and filed with the Clerk within five days after notice given, or within such further time as may be granted, not exceeding twenty days, and declares an omission to so file the statement a waiver of the right to move for a new trial. The statute here referred to is peremptory in terms, and therefore the objection of the respondent must be sustained. This leaves the case to be considered upon the judgment roll alone, and as the complaint states a cause of action against the defendant, and no error in the judgment is apparent, it must be affirmed.

Judgment affirmed.