[No. 2,581.]

## THOMAS CAMPBELL *v.* WILLIS JONES.

41  515
87  347

EXTENSION OF TIME TO FILE STATEMENT—JUDGE'S PROMISE OF ORDER NOT ENOUGH.—Where a Judge, on being asked to extend the time for filing a statement on motion for new trial, said that he would have an order to that effect entered of record at the meeting of the Court, but failed, by oversight, to have it done; *held*, that the time was not extended.

ORDER EXTENDING TIME TO FILE STATEMENT.—An order extending the time for filing statement, on motion for new trial, should in all cases be in writing, and either entered on the minutes of the Court, in open session, or signed by the Judge, and filed within the time prescribed by section one hundred and ninety-five of the Practice Act.

WAIVER OF MOTION FOR NEW TRIAL BY FAILURE TO FILE STATEMENT.— A failure to file a statement, on motion for new trial, within time, amounts to a waiver of the motion.

OBJECTIONS TO FORM OF VERDICT AND EXCESSIVE DAMAGES.—Objections to the form of a verdict, or that excessive damages were thereby awarded, can only be made available on motion for a new trial, or on appeal from an order denying a new trial.

APPEAL from the District Court of the Fourteenth Judicial District, Placer County.

This action was for the return of certain iron pipe, and apparatus for hydraulic mining, alleged to be detained by defendant, and in default thereof, for its value, laid at the sum of two thousand nine hundred and ninety-three dollars and ninety cents, together with damages for wrongful detention. The defendant, on the other hand, set up that the property was worth only nine hundred and fifty dollars; that he had received it from the plaintiff by way of pledge to secure the repayment of money loaned and advanced; and that, as the loans and advances were not repaid, the right of property had become absolute in him.

The cause was tried before a jury, in May, 1870, and a verdict rendered as follows: "We, the jurors, find for the plaintiff; value of property, fourteen hundred dollars; damages for retaining said property, two hundred and sixty dollars." Upon this verdict a judgment was entered for a return

of the property, or in default thereof, its value, assessed at one thousand four hundred dollars; and for two hundred and sixty dollars damages, and costs taxed at four hundred and six dollars and ten cents. The proceedings, on defendant's motion for new trial, are stated in the opinion of the Court. Defendant appealed.

*Jo 'Hamilton,* for Appellant.

Should respondent's motion to strike out the statement prevail, the judgment should be reversed on the judgment roll—because the judgment for detention of personal property should be the value of the property and legal interest. (*Dorsey* v. *Manlove,* 14 Cal. 563; *Phelps* v. *Owens,* 11 Cal. 22; *Howe* v. *Hathaway,* 33 Cal. 117; *Nickerson* v. *Chatterton,* 7 Cal. 568.) The action is detinue. (3 Black. 151; 1 Chitty Pl. 122.) And in detinue the verdict and judgment must fix the value of each parcel of property sued for. (1 Chitty Pl. 122; *Higginbotham* v. *Rucker,* 5 Call. Va. 313; *Haynes* v. *Crutchfield,* 7 Ala. 198; *Bell* v. *Pharr,* 7 Ala. 812; *Baker* v. *Beasley,* 4 Yerger, 570; *Goodman* v. *Floyd,* 2 Humph. 60; *Buchner* v. *Haggin,* 3 T. B. Monroe, 60; *Thomas* v. *Tanner,* 6 T. B. Monroe, 61.)

*C. A. Tuttle,* for Respondent.

The judgment was entered on May 18th, 1870, and on the same day defendant served his notice of motion for new trial. The statement was not filed until May twenty-eighth, ten days after the service of notice. This, in the absence of any stipulation or agreement, was too late, and the statement should be stricken out. When the motion for new trial came on to be heard before the District Judge, defendant objected to the statement on this ground, and moved to strike it out. There has, therefore, been no waiver of defendant's rights in this respect. The statement does not say or show that the Judge made any order out

of Court. A Judge cannot make an order out of Court, unless it is in writing. His telling an attorney that he will have an order entered when the Court meets, is not making an order out of Court.


By the Court, SPRAGUE, J.:

The verdict of the jury was rendered on the 17th day of May, 1870. On the 18th day of May, 1870, defendant duly served and filed his notice of motion for new trial, and on the same day requested the District Judge, out of Court, to grant an order for five days additional time to file statement on motion for new trial. The District Judge, on said request, said that at the meeting of Court he would have said order entered of record in said cause, but failed to have the order made of record by oversight. Thereupon defendant's attorney left Auburn, the county seat, before the opening of Court, and filed said statement within the ten days, to wit: on the 28th day of May, 1870. It does not appear that respondent proposed or offered any amendments to the statement thus filed, and the same was settled and certified as correct by the Judge on the 21st day of June, 1870. On the same day the motion for a new trial came on to be heard before the Judge; the respondent appeared by his counsel and " objected to the statement on file, upon the ground that the same had not been filed in time, and moved to strike it out," which motion was by the Court overruled, to which ruling respondent's counsel duly excepted. Thereupon the motion for a new trial was argued and submitted, and by the Court overruled, from which order overruling defendant's motion for a new trial, as also from the judgment, defendant brings this appeal. And now, on appeal, respondent moves to strike out defendant's statement on motion for a new trial, on the ground that the same was not filed in proper time. Appellant, in response to this motion,

insists that the mere oversight of the Judge, in not causing to be entered in the minutes of his Court in accordance with his promise and intention, an order extending the time for appellant to file his statement five days, should not be held a waiver of his right to file and have the benefit of his statement.

An order extending the minimum time fixed by statute for filing statement, on motion for a new trial, should in all cases be in writing, and either entered in the minutes of the Court, in open session, or signed by the Judge, and filed, with the papers in the case, within the time prescribed by the one hundred and ninety-fifth section of the Practice Act. To hold that a verbal promise of the Judge to cause an order to be entered, or that a verbal request for an order, verbally granted by the Judge, was sufficient to extend the time for filing the statement, would lead to great confusion and needless controversies. The statement in the present case was not filed by appellant within five days after the filing of the notice of his intention to move, and there was no order of the Court or Judge extending the time beyond the five days. The right of appellant to move for a new trial was, therefore, waived before his statement was filed, and the order of the Court denying his motion cannot be reviewed on this appeal. (Practice Act, Sec. 195; *Caney* v. *Silverthorn*, 9 Cal. 67; *Munch* v. *Williamson*, 24 Cal. 167; *Easterby* v. *Larco*, 24 Cal. 179; *The Bear River and Auburn W. and Mg. Co.* v. *Boles*, 24 Cal. 354; *Jenkins* v. *Frink*, 27 Cal. 337; *Hegeler* v. *Henckell*, 27 Cal. 491; *Le Roy* v. *Rassette*, 32 Cal. 171.)

The appeal is then left to rest upon the judgment roll, upon the face of which no error appears.

The points urged by appellant upon the judgment roll cannot be considered. The judgment conforms with the requirements of section two hundred of the Practice Act, and objections to the form of the verdict, or that excessive

damages were thereby awarded, can only be made available on motion for new trial. Such objections cannot be raised for the first time in this Court. (*Douglas* v. *Kraft*, 9 Cal. 562; *Duff* v. *Fisher*, 15 Cal. 380; *Van Pelt* v. *Littler*, 14 Cal. 194.)

Judgment affirmed.