[No. 753.]

## C. H. CLARK, Appellant, *v.* MARK STROUSE, Respondent.

SERVICE OF NOTICE OF APPEAL.—Where a copy of the notice of appeal was served on the attorneys for defendant at a certain time and place by "exhibiting to them personally the said copy and by leaving the same in a conspicuous place in their office:" *Held*, a substantial compliance with the statute.

EXTENDING TIME TO FILE STATEMENT ON MOTION FOR NEW TRIAL.—An order signed by the judge extending the time fixed by statute for filing a statement on motion for a new trial, must not only be signed, but must be filed with the papers in the case, or entered of record in the minutes of the court, within the time prescribed by statute.

AMENDMENT OF RECORDS AFTER ADJOURNMENT OF TERM.—After the term of court expires, the records cannot be amended, unless there is something in the record to amend by.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*F. V. Drake*, for Appellant.

I. The statement on the motion for a new trial was not filed in time (practice act, sec. 197), unless the second order of the judge, extending time to defendant to file his statement, restored the statutory waiver and saved to respondent his right to the motion. But this order was *coram non judice* and void. The waiver had accrued and the subsequent order of the judge did not restore it. (*Killip* v. *Empire Mill Co.*, 2 Nev. 35; *Whitman* v. *Shiverick*, 3 Nev. 299; *Leech* v. *West*, 2 Cal. 95; *Hegler* v. *Henckell*, 27 Cal. 491; *Thompson* v. *Lynch*, 43 Cal. 482; *Bear River Co.* v. *Boles*, 24 Cal. 354; *Calderwell* v. *Brooks*, 28 Cal. 153; *Seeley* v. *Sabastian*, 3 Oregon, 563.)

II. The date of the order would be presumed to be of the date of filing, and the court could not have amended at the time of the hearing of the motion, for the reason that the term of court in which the order was made had expired. (*Killip* v. *Empire Mill Co.*, 2 Nev. 35; *Branger* v. *Challis*, 9 Cal. 351; *Baldwin* v. *Kramer*, 2 Nev. 583; *De Castro* v.

*Richardson*, 25 Cal. 49; *Hegler* v. *Henckell*, 27 Cal. 492; *Bank U. S.* v. *Moss*, 6 How. 39; *Lobdell* v. *Hall* (on petition for· rehearing), 3 Nev. 522; *Bowers* v. *Beck*, 2 Nev. 143; *State* v. *National Bank*, 4 Nev. 358.)

III. But granting for the purposes of the argument that this record order of the judge was made and signed on or before the 13th of April (the date limited in the first order), still it did not, nor could it be endowed with validity or force, or become in fact an "order," unless *filed* with the clerk within the time limited in the first order and prior to the waiver. (*Carpenter* v. *Thurston*, 30 Cal. 123; *Campbell* v. *Jones*, 41 Cal. 515; *Schultz* v. *Winter*, 7 Nev. 130.)

IV. Courts have invariably enforced a rigid observance of the statute in all proceedings under the code. Uniformity and certainty in practice could never, otherwise, be established. (*Esterly* v. *Larco*, 24 Cal. 179; *Elsasser* v. *Hunter*, 26 Cal. 279; *Jenkins* v. *Frink*, 27 Cal. 337; *Aram* v. *Shallenberger*, 42 Cal. 275; *Dean* v. *Pritchard*, 9 Nev. 233; *McWilliams* v. *Herschman*, 5 Nev. 263; *White* v. *White*, 6 Nev. 21; *Sherman* v. *Shaw*, 9 Nev. 151.)

*Mesick & Seely*, for Respondent.

By the Court, HAWLEY, C. J.:

It is claimed by respondent that the record failed to show any service of the notice of appeal. The proof of service is contained in an affidavit made by appellant's counsel, wherein he states, that on the 10th day of July, 1875, between the hours of ten o'clock A.M. and four o'clock P.M., he served a copy of the notice of appeal on the attorneys for defendant, by " exhibiting to them personally the said copy, and by leaving the same in a conspicuous place in their office." The statute provides the manner in which service must be made. (1 Comp. L. 1557, 1558, 1559.) When personally made it is by delivery of a copy to the party or his attorneys. If service is made upon the attorneys and they are absent, and there is no person in their office having charge thereof, it may be made by leaving a copy, within certain hours, in a conspicuous place in the

office. In this case, it appears that the attorneys were present in their office; hence, the service should have been made by delivering to them a copy of the notice; and if so made, this fact ought to have been so stated in a direct way in the affidavit. We think, however, that the fair and reasonable construction to be placed upon the language used in the affidavit is, that appellant's counsel exhibited the copy to the attorneys for defendant, and then left it with them in their office, and that this amounted to a delivery to them of the notice as required by section 496 of the practice act.

From the statement on appeal, we find that the judgment in this case was entered, in favor of plaintiff, on the 24th day of March, 1875. That within five days thereafter the defendant Strouse gave proper notice of his intention to move for a new trial. That on the 2d day of April, 1875, the time for filing a statement on motion for a new trial was, by an order of the district judge filed in said cause, extended until the 13th day of April, 1875. That on the 16th day of April, 1875, an order of the district judge, bearing no date, was filed, extending the time until the 23d day of April, 1875. The statement on motion for a new trial was also filed on the 16th day of April, 1875. These proceedings occurred during the March term of the court.

At the June term of the court, to wit, on the 3d day of July, 1875, the cause was called for hearing upon defendant's motion for a new trial, at which time counsel for plaintiff moved to strike from the files the statement on motion for a new trial upon the ground, among others, that the last order of the judge extending the time to file the statement was extra-judicial and void. Whereupon the court, against the objection of plaintiff's counsel, allowed the defendant to offer testimony tending to prove that said order was made on the 13th day of April, 1875. On the 10th day of July, 1875, the court granted a new trial, from which order this appeal is taken.

Even if we should concede the admissibility of the testimony offered to establish the date when the order was signed, we think it would not benefit the respondent. We are of opinion, that an order signed by the judge, extending

the time fixed by statute for filing a statement on motion for a new trial, must not only be signed, but must be filed with the papers in the case, or entered of record in the minutes of the court, within the time prescribed by statute. (*Campbell* v. *Jones*, 41 Cal 518.)

In this case, as the court, by its first order, had extended the time for filing the statement until and including the 13th day of April, 1875, the second order must not only have been signed, but must have been filed within that time. No proof was offered tending to show that it had been so filed.

But the objection made by appellant was well taken, and ought to have been sustained. The record could not be amended after the expiration of the term, except upon proceedings instituted for that purpose prior to the expiration of the term. If a motion had been made to correct the date in the order of the judge during the term of court at which it was filed, the court would have been authorized to hear testimony, and to correct the record so as to conform to the facts. But after the term expired, the record could not be amended unless there was something in the record to amend by.

This general principle is well settled by the decisions in this state. (*Killip* v. *The Empire Mill Co.*, 2 Nev. 34; *Lobdell* v. *Hall*, 3 Nev. 523; *The State of Nevada* v. *The First National Bank of Nevada*, 4 Nev. 358; and in California, *De Castro* v. *Richardson*, 25 Cal. 51.)

It necessarily follows that the court erred in not granting plaintiff's motion to strike from the files the statement on motion for a new trial. The judge having extended the time to file the statement until the 13th day of April, 1875, and no order appearing in the records of the case to have been made before the expiration of that date, and no statement having been filed within that time, the defendant must be considered as having waived his right to file a statement (practice act, sec. 197); and the court, as was said by Currey, J., in *Hegeler* v. *Henckell*, "was powerless to rescue the case from the consequences of the defendant's default." (27 Cal. 494; *Whiteman* v. *Shiverick*, 3 Nev. 299; *Campbell* v. *Jones, supra.*) It is not claimed that any error appears in

the judgment-roll; and as there was no statement on motion for a new trial which could be regarded by the court, the order granting a new trial must be reversed.

It is so ordered.