10   253
10   260
37*  463
37*  465

LEWIS A. SCOTT ELLIOT, RESPONDENT, v. GEORGE C. WHITMORE AND ANOTHER, APPELLANTS.

MOTION FOR A NEW TRIAL.—TIME FOR SERVING AND FILING A STATEMENT.—2 Comp. Laws, § 3402, subd. 3, provides that where a motion for a new trial is made on a statement, a copy of the statement shall be served within 10 days after service of notice or such further time as the court may allow. *Held* that an order extending the time for serving the statement, which is granted within ten days, but not filed until the 10 days have expired, is valid, the statute being silent as to filing.

(No. 425.   Decided June 19, 1894.   37 P. R. 463.)

APPEAL from the District Court of the Third Judicial District, Hon. Charles S. Zane, *Judge.*

Action by Lewis A. Scott Elliot against George C. Whitmore and another for damages and an injunction. From an order dismissing and denying defendants' motion for a new trial, they appeal. *Reversed.*

*Mr. E. D. Hoge* and *Messrs. Brown & Henderson,* for appellants.

The statute under which this statement is prepared and under which the orders extending the time were made, is 2 Comp. Laws 1888, § 3402, subd. 3 and § 526. The ruling of the district court and of the referee is based wholly upon the authority of *Clark* v. *Strouse,* 11 Nev., citing *Campbell* v. *Jones,* 41 Cal. 518, and various other cases in California reports prior to 47 Cal., stating that the order extending the time must be filed. The statute of Nevada in force at the time of *Clark* v. *Strouse,* was copied from the former practice act of California, and was wholly and absolutely different from the present statute of California from which our statute is taken. The California statute from which ours is taken is found in 3 Deering's An. Stat. § 659, subd. 3; this was passed and approved March 11, 1872. See also Hayne on New Trial, § 145. Nevada still retains the old statute, and their practice under it is different. For notice of this difference see 3 Estes Plead. (2d ed.), 366–7.

*Mr. C. S. Varian* and *Messrs. Zane & Putnam,* for respondent.

An order extending the time to file and serve a statement must not only be signed by the judge, but must be filed within court within the time given by statute. This

rule was settled in California over 20 years ago, and our statute was followed by the supreme court of Nevada and has never been questioned. *Campbell* v. *Jones*, 41 Cal. 515; *Clark* v. *Strouse*, 11 Nev. 76. Where there is no statement upon motion for a new trial, the motion should be dismissed. *Strathern* v. *Dakins*, 63 Cal. 478. There was no statement in this case. The referee having properly refused to settle the same, the only thing left for the court to do was to dismiss the motion, and such has been the ruling from the earliest time. The following are a number of the cases wherein this principle has been approved: 2 Cal. 306; 3 Cal. 89; 8 Cal. 510; 9 Cal. 207; 11 Cal. 132; 12 Cal. 280; 13 Cal. 170; 14 Cal. 196; 18 Cal. 203; 20 Cal. 114, 177, 337; 22 Cal. 265; 23 Cal. 461; 25 Cal. 479, 584; 26 Cal. 279; 27 Cal. 107, 408; 28 Cal. 410, 416; 30 Cal. 587; 32 Cal. 303, 629; 38 Cal. 210; 39 Cal. 24, 700; 40 Cal. 77; 41 Cal. 575; 43 Cal. 320; 45 Cal. 112; 47 Cal. 164, 416, 624; 50 Cal. 120; 54 Cal. 542, 584; 57 Cal. 292; 61 Cal. 191; 63 Cal. 417, 478.

MERRITT, C. J.:

This is an appeal from an order made by the Third District Court dismissing and denying defendants' motion for a new trial. From the bill of exceptions in the record it appears that the cause was tried before J. H. Harris, as referee, to whom it had been referred by order of the court. The referee made and filed his report in favor of plaintiff, on the 9th of May, 1893, and on the same day judgment was entered in pursuance thereof, and notice of the judgment and decision was served on defendants' attorneys. On the 18th of May, 1893, and within 10 days after judgment, defendants served and filed their notice of intention to move for a new trial, upon a statement to be prepared. The 28th of May, when the 10 days allowed by statute for settling statement would expire, fell on Sun-

day. On Saturday, the 27th of May, the defendants obtained from Judge Bartch, Judge of the Third District Court, an order in writing, dated on that day, and duly signed by him, extending the time in which to prepare and serve statement on motion for new trial for 10 days from May 27, 1893. This order was filed with the clerk in the cause on May 30, 1893. It will be seen from this statement that the statutory time for preparing and serving proposed statement on motion for new trial expired on Monday, May 29th; that the order made by Judge Bartch, made on Saturday, the 27th of May, was within this time, but it was not filed in the cause until next day, after the time would have expired; and upon this order the question in this case arises. Other orders were made afterwards, further extending the time, and defendants prepared and served upon plaintiff a proposed statement; and, no amendments being offered after the expiration of 10 days, the proposed statement was presented to the referee, and he refused to sign it, and thereupon the plaintiff moved the court to dismiss the motion for new trial, on the ground "that the statement on motion for new trial in this action was not served within the time allowed therefor by law, or within any time in addition thereto allowed by said court or judge thereof." On the hearing of this motion, the order was made from which this appeal is taken.

No question is made but that all the proceedings subsequent to the filing of the order of Judge Bartch on May 30th are regular and in time, if that order is valid and operative. The plaintiff claims, and the court below held, that this order of Judge Bartch is invalid, and has no force or effect whatever, because it was not filed within the time limited by statute. The statute relating to the matter in controversy (2 Comp. Laws, § 3402, subd. 3) reads as follows: "If the motion is to be made on a statement of

the case, the moving party must within ten days after service of the notice, or such further time as the court, in which the action is pending, or the judge thereof, may allow, prepare a draft of the statement, and serve the same, or a copy thereof, upon the adverse party," etc. The statute does not in terms require the order to be filed, but it is claimed that the order is not in any way connected with the case until it is filed, and, if this is not done before the time expires, it has no force whatever; and the cases of *Campbell* v. *Jones,* 41 Cal. 515, and *Clark* v. *Strouse,* 11 Nev. 76, are cited and relied upon to support that contention. The case of *Campbell* v. *Jones* arose under section 195 of the old practice act of California, which is in many respects different from the present statute of California, from which our statute above quoted is taken. The point here in issue was not raised in that case. The only point there in controversy was whether an oral promise of the judge, made out of court, to extend the time, was in effect an extension. The court held that it was not. In passing upon the case, the opinion says that the order should be in writing, signed by the judge, and filed in the case before the time expires, or entered in the minutes of the court.

The case of *Clark* v. *Strouse,* arose under the practice act of Nevada, which was taken from the former practice act of California, and is identical with the statute considered in the case of *Campbell* v. *Jones,* before referred to. In the case of *Clark* v. *Strouse* the court held that the statement must not only be in writing, and signed by the judge, but must also be filed with the clerk in the case before the time expires; and the case of *Campbell* v. *Jones* is referred to. In neither of these cases is there any argument or reasoning on the question. The statute under which these cases were decided required that the statement, when prepared, should be filed with the clerk,

17

and that amendments proposed thereto should be filed with the clerk, and further provided that, "if no affidavit or statement be filed within five days after the notice for a new trial, the right to move for a new trial shall be waived." Under these provisions, there may have been some reason for requiring an order which extended the time to be filed, but we are not satisfied with this rule, as applied to our statute. The statute expressly authorizes the judge to make the order out of court. He might be absent from the clerk's office when it is made, but, if the order is actually made by him before the time expires, the statute is complied with.

In the case of *Swift* v. *Canovan*, 47 Cal. 86, which arose under a code of civil procedure from which our code is substantially taken, the court held that an order made by a judge out of court, extending the time for filing an answer, was not invalid because it was not filed, and, in deciding the case, said: "The more correct practice certainly is to file or serve the order extending the time to answer, but we are not aware of any provisions of law requiring it to be filed or served." We think this is the correct rule in relation to an order extending the time to prepare and serve statement on motion for a new trial. Any other construction would be too narrow, and, in many cases, work great injustice. The provisions of the code relative to orders extending the time for filing answers, taken together, are substantially like the statute under consideration. Hayne, New Trials & App. p. 413, § 147, states the rule that the order should be in writing and signed, but says nothing about it being filed. We think the court erred in dismissing and denying the motion for a new trial; and the order appealed from is reversed and set aside, with costs to the appellants, and the cause remanded, with instructions to the court below to proceed

and hear the motion for a new trial when the statement is settled.

MINER and SMITH, JJ., concur.