[No. 2200]

P. D. McLEOD, RELATOR, v. THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF NYE, AND MARK R. AVERILL, JUDGE THEREOF, RESPONDENTS.

[157 Pac. 649]

1. CERTIORARI—FUNCTION OF WRIT—ACT OF DISTRICT COURT.
    On *certiorari* to review the act of the district court in striking items from the cost bill, the scope of the inquiry permissible is that of jurisdiction, and, if the act of the district court was within its jurisdiction, the inquiry ceases, and the writ has no function to perform; an authorized act of a court not being reviewable by *certiorari*.

2. COSTS—APPEAL FROM JUSTICE'S COURT—STATUTES.
    Where a case comes to the district court on appeal from justice's court, costs in the district court do not follow as of course, but come under the provisions of Rev. Laws, 5380, whereby the district court is authorized and directed to exercise its discretion in cases other than those mentioned in section 5377, prescribing allowance of costs as of course.

3. COSTS—OBJECTION TO BILL OR ITEMS—TIME.
    Until the discretion of the district court on appeal from justice's court was exercised in fixing costs, there was nothing in the statutes or procedure preventing the party against whom the costs might be assessed from appearing to object to the whole cost bill, or any items therein.

4. CERTIORARI—DISCRETION OF COURT—OBJECTIONS TO COST BILL.
    In an action in the district court on appeal from justice court, where by statute it was the province and duty of the court to exercise its discretion in allowing items of cost before the same could become part of the judgment, even though no objections were filed, error in refusing to strike objections to the cost bill is not reviewable on *certiorari*.

ORIGINAL PROCEEDING. *Certiorari* by P. D. McLeod, relator, against the District Court of the Fifth Judicial District in and for the County of Nye, and Mark R. Averill, Judge thereof. **Writ dismissed.** [Petition for rehearing pending.]

*P. M. Bowler* and *William Forman,* for Relator:

The lower court was without jurisdiction to consider and rule upon defendant's so-called objection to the cost bill and motion to retax costs, no ground therefor having

been specified nor good cause shown for the exercise of any discretionary power of the court. To invoke the exercise of discretionary jurisdiction, it is imperatively necessary that such a motion be noticed for hearing and good cause be shown.

Discretion can be exercised only in the absence of positive law or fixed rule when in furtherance of justice, upon good cause shown, and upon notice to the adverse party. (*State* v. *Wood*, 23 N. J. Law, 560; *Goodwin* v. *Prime*, 42 Atl. 785; *The Styris* v. *Morgan*, 186 U. S. 1, 46 L. Ed. 1027; Rev. Laws, 5084.)

The lower court had no discretion in the matter of costs. In this character of case, the prevailing party is entitled to costs "as of course." There was a gross abuse of discretion, and its exercise was and is prohibited by positive statute. (Rev. Laws, 1995, *et seq.;* Rev. Laws, 200, 2001, 2012, 5377, 5379, 5387; *Bennet* v. *Kroth*, 1 Am. St. Rep. 248; *Benson* v. *Brann*, 134 Cal. 42; *Fox* v. *Hale & Norcross M. Co.*, 122 Cal. 219; *Quillahan* v. *Morrissey*, 73 Cal. 297.)

*Certiorari* is the only appropriate remedy where the court was, as in this case, without jurisdiction. (*Territory* v. *Doan*, 60 Pac. 892; *L. A. City W. Co.* v. *Superior Court*, 124 Cal. 386.)

The most important office and function of the writ of *certiorari* is the keeping of inferior courts and tribunals within proper bounds against an assumption of jurisdiction. (4 Ency. Pl. & Pr. 262; *People* v. *Board Delegates*, 14 Cal. 479; *Chapman* v. *District Court*, 29 Nev. 159; *Peacock* v. *Leonard*, 8 Nev. 84; *Martin* v. *District Court*, 13 Nev. 85; *People* v. *Board*, 39 N. Y. 81; *State* v. *District Court*, 46 Pac. 260; 6 Cyc. 745, 746; *State* v. *Guinotte*, 50 L. R. A. 787; *Harris* v. *Barber*, 128 U. S. 366, 32 L. Ed. 697; *In Re Wixom*, 12 Nev. 223.)

The power exercised by the lower court was unauthorized, a usurpation of jurisdiction, and deprivation of relator of a property right, which was his of course; the order complained of was confiscatory, in violation of both statutory and constitutional rights, and absolutely null

and void.    (*Coker* v. *Superior Court*, 58 Cal. 177; *Maurer* v. *Mitchell*, 52 Cal. 291; *Dalzell* v. *Superior Court*, 67 Cal. 453, 454; *Hall* v. *Superior Court*, 68 Cal. 24; *Levy* v. *Superior Court*, 66 Cal. 292; *Matthews* v. *Superior Court*, 68 Cal. 631; *Carlson* v. *Superior Court*, 70 Cal. 628; *Steel* v. *Steel*, 1 Nev. 27; *State* v. *Commissioners*, 5 Nev. 317; *Morgan* v. *Commissioners*, 9 Nev. 360; *Burris* v. *Kennedy*, 108 Cal. 339.)

An order of the district court, which it is without jurisdiction to make, is subject to review and annulment by *certiorari*.    (*State* v. *District Court*, 46 Pac. 260.)

Where there is a want of jurisdiction, the writ will not be denied, especially where there are errors or abuses going to the jurisdiction complained of.    (6 Cyc. 745, 746; *State* v. *Guinotte*, 50 L. R. A. 787.)

Where there is an erroneous exercise of jurisdiction, a writ of review will issue.    (*Harris* v. *Barber*, 129 U. S. 126, 32 L. Ed. 697; 6 Cyc. 750, 751; *In Re Wixom*, 12 Nev. 219;  *State* v. *Snohomish*, 39 Pac. 644; *In Re Rourke*, 13 Nev. 253.)

When the subject-matter, such as costs, upon which the jurisdiction of the court rests, is limited and restricted by statute, the court must look to that statute for its jurisdiction, and cannot by its mere decision, acquire jurisdiction over a matter therein denied to it.    A judgment or order in excess of jurisdiction may be reviewed on *certiorari*.    (*Baker* v. *Superior Court*, 71 Cal. 583, 12 Pac. 685; *Gibson* v. *Superior Court*, 83 Cal. 643, 24 Pac. 152; *Jackson* v. *Boy*, 16 South. 290; *Maynard* v. *Bailey*, 2 Nev. 313; *State* v. *Washoe County*, 5 Nev. 317; *State* v. *Humboldt County*, 6 Nev. 100; *Hetzell* v. *Commissioners*, 8 Nev. 359; *Maxwell* v. *Rives*, 11 Nev. 213; *In Re Rourke*, 13 Nev. 253; *Esmeralda County* v. *District Court*, 18 Nev. 438; *Levan* v. *District Court*, 43 Pac. 574; *North* v. *Joslin*, 26 N. W. 810.)

The leading object of the writ of *certiorari* is to keep inferior tribunals within the bounds of their jurisdiction, without or in excess of which *certiorari* lies to annul their proceedings.    (*State* v. *Washoe County*, 5 Nev. 267;

*Gamble* v. *Silver Peak Co.*, 35 Nev. 326; *Floyd* v. *District Court*, 36 Nev. 363.)

*J. K. Chambers,* for Respondents:

The demurrer to the petition should be sustained. The application shows on its face that the lower court had jurisdiction over both the parties and the subject-matter in the case under review; and if any error or irregularity was committed, it cannot be reviewed in this proceeding. The application shows that a clear legal duty was imposed by law upon respondent which was purely ministerial, and in which respondent was precluded from exercising any discretion; and that relator had a plain, speedy, and ample remedy by proper motion in the lower court, and a right of action against the defendant in the case under review for his costs that were allowed by law.

The respondent having had jurisdiction to hear and determine the question of costs and to settle the memorandum, it is immaterial in this proceeding whether its decision was right or wrong, and its decision cannot be reviewed on *certiorari.* (*Phillips* v. *Welch,* 12 Nev. 158; *Quinn* v. *District Court,* 16 Nev. 76; *Sheer* v. *Superior Court,* 96 Cal. 653; *History Co.* v. *Light,* 97 Cal. 56; *In Re Wixom,* 19 Nev. 219.)

All want of notice or any defect in the notice to retax costs was waived by the relator in his general appearance at the hearing of said motion. Having voluntarily submitted himself to the jurisdiction of the court, relator expressly waived any objections to the regularity of the proceedings in regard to the retaxing of costs, and any objection to the want of notice of regularity of service. (*State* v. *McCullough,* 3 Nev. 202; *Union Pacific* v. *Moffett,* 12 Colo. 310; *Shell* v. *Leland,* 45 Mo. 289; *Ankeney* v. *Blackenson,* 7 Or. 407; *Lane* v. *Ohio River R. R.,* 14 S. E. 123; *Morris* v. *Miller,* 40 Pac. 60; *Zeigler* v. *People,* 164 Ill. 53; *Wilsie* v. *Maynard,* 21 Iowa, 107; *Manderschile* v. *Plymouth,* 69 Iowa, 270; *Hacker* v. *Petie,* 2 Or. 89; *Hecker* v. *Fadie,* 2 Or. 89.)

The district court has jurisdiction to settle and allow

costs. Jurisdiction as applied to a particular claim or controversy is the power to hear and determine that claim or controversy; and if there is any error in not allowing costs to relator in the lower court, it was not an excess of jurisdiction and the action cannot be reviewed upon *certiorari*. (*State* v. *District Court*, 23 Nev. 245; *State* v. *District Court*, 16 Nev. 75; *State* v. *District Court*, 26 Nev. 256; *State ex rel. Thompson* v. *District Court*, 23 Nev. 243; *State* v. *Pike*, 32 Nev. 109; *State* v. *District Court*, 26 Nev. 253.)

*Mandamus* is the proper remedy to compel a judicial officer to perform a ministerial act, or to perform a duty imposed upon him by law where he has no discretion. (*State* v. *Murphy*, 19 Nev. 89; *State* v. *Curler*, 4 Nev. 445; *Humboldt County* v. *Churchill County*, 6 Nev. 30; *Taylor* v. *Salt Lake Co.*, 2 Utah, 405; *Hudson* v. *Parker*, 39 U. S. 424; *Commonwealth* v. *McLaughlin*, 14 Atl. 377; *People* v. *Hubbard*, 22 Cal. 34; *Manor* v. *McCall*, 5 Ga. 522; *People* v. *Hallett*, 1 Colo. 352; *State* v. *Fisher*, 21 S. W. 503.)

The remedy by *certiorari* would not be either plain, speedy, or adequate. *Mandamus* is the proper remedy where a ministerial duty is imposed upon a public officer by law and where the officer has no discretion. In this case the affidavit of relator states that there was a plain legal duty imposed by law upon the respondent to tax the costs in this action against the defendant in the lower court. The affidavit also shows that the relator had a clear legal right to the costs. This being so, we have a case where a clear legal duty imposed by law rested upon the respondent to perform a specific act in which he had no discretion, and we have also a clear legal right resting in the relator. In such a case *mandamus* is the only remedy that could give adequate relief to the relator. (*State* v. *Board of Commissioners*, 30 Nev. 477.)

Taxation of costs in the lower court cannot be reviewed on *certiorari*. (*Quinn* v. *District Court*, 16 Nev. 76.) Section 5690, Revised Laws, provides that the writ of *certiorari* shall not be extended further than to determine

whether the inferior tribunal has regularly pursued its authority, and does not permit inquiry into any irregularity or question beyond that of jurisdiction. (*Knapp* v. *District Court*, 31 Nev. 44; *Maynard* v. *Bailey*, 2 Nev. 313; *Phillips* v. *Welch*, 12 Nev. 175; *C. P. R. R. Co.* v. *Placer County*, 43 Cal. 312; *Monreal* v. *Bush*, 46 Cal. 670; *Quinchard* v. *Board*, 133 Cal. 664; *People* v. *Lumby*, 29 Cal. 632; *In Re Wixom*, 12 Nev. 209.)

On *certiorari* to review an order made by a lower court, the only question that can be considered at the hearing is that of jurisdiction. Any error in the order complained of, however erroneous and flagrant, cannot be considered in this proceeding. The affidavit for the writ fails to show that the lower court exceeded its jurisdiction; at most, all that can be claimed is that there were errors or irregularities in the exercise of jurisdiction. The excess of jurisdiction claimed by relator pertains exclusively to the action of respondent regarding the memorandum of costs filed in the lower court and the action taken by respondent thereon. The ruling of the lower court on a memorandum of costs cannot be reviewed on *certiorari*, as no question of jurisdiction can ever arise concerning the subject-matter of the inquiry. (*Miller* v. *Highland*, 91 Cal. 103; *Quinn* v. *District Court*, 16 Nev. 75; *Phillips* v. *Welch*, 12 Nev. 158; *In Re Wixom*, 12 Nev. 219; *State* v. *Mack*, 26 Nev. 253; *State* v. *District Court*, 23 Nev. 243; *Sullivan* v. *Railroad*, 75 Pac. 767; *Fox* v. *Hale & Norcross*, 122 Cal. 219.)

By the Court, McCARRAN, J.:

This is a proceeding in *certiorari*. The petitioner was plaintiff in an action commenced in the justice court of Tonopah township against E. E. Bertram for the sum of $90, balance alleged to be due for services rendered. Judgment in the justice court was rendered in favor of the defendant, Bertram, and from that judgment petitioner appealed to the district court of the Fifth judicial district of the State of Nevada. In a trial held in that court before a jury verdict was rendered in favor of the plaintiff, petitioner herein, for the amount claimed. On

motion of the defendant, Bertram, the verdict of the jury was set aside, and a new trial was granted by the district court.     The case being set down for trial on the 27th day of September, 1915, the following proceedings, as set forth in the minutes of the court, took place:

"P. D. McLeod, Plaintiff, v. E. E. Bertram,
Defendant.

"The above-entitled case comes on for trial at this time before the court.

"William Forman appears as attorney for plaintiff, and J. K. Chambers appears as attorney for defendant.

"The defendant confesses judgment for $90.

"It is ordered, upon motion of counsel for plaintiff, that judgment for $90 and costs be entered in favor of the plaintiff against the defendant, reserving, however, to the defendant the right to proceed as to matter of costs."

Pursuant to the foregoing proceedings, the court entered judgment in the form following:

"This cause coming on regularly for trial on the 27th day of September, 1915, William Forman appearing as counsel for plaintiff, and J. K. Chambers for the defendant, a trial by jury having been expressly waived by counsel for the respective parties, and the defendant, by his attorney in open court, consented that judgment be entered against the defendant for the sum of ninety ($90) dollars and costs, and the plaintiff in open court accepting said offer.

"Wherefore, by reason of the law, it is ordered, adjudged, and decreed that the plaintiff, P. D. McLeod, do have and recover of the defendant, E. E. Bertram, the sum of ninety ($90) dollars, together with plaintiff's costs and disbursements incurred in this action, amounting to the sum of _____ ($____) dollars.

"Judgment rendered this 27th day of September, 1915.
"Mark R. Averill, District Judge."

On the date of the rendition of this judgment, and after the entry thereof in the form above set forth, plaintiff, petitioner herein, filed and served his cost bill, claiming costs in the sum of $121.70.     Three days thereafter, to wit, on the 30th day of September, 1915, the

attorney for the defendant served upon the attorney for the plaintiff an instrument without entitlement, setting forth the following:

"Now comes the defendant in the above-entitled action and objects to the memorandum of costs filed in said cause, on the ground that the plaintiff is not entitled to any statutory costs, for the reason that the statute makes no provision for costs under the contingencies of this case; that the costs in the case do not follow the judgment, and the plaintiff is only entitled to such costs as may be allowed by the court, and that the costs in this case are entirely under the control of the court, and that he can in his discretion refuse to allow any costs whatever, for the reason that the same is in the district court on appeal from the justice court of Tonopah township, and the statute allows only such costs as are approved and allowed by the court."

While the instrument quoted above was served on attorneys for petitioner on the 30th day of September, the same was not filed with the clerk of the district court until October 2, 1915. On the last-named date, the parties being present in court by their respective attorneys, a motion was made in open court by plaintiff, petitioner herein, to strike from the records the paper so filed, contents of which we quoted above, for the reason that no motion and notice of motion to retax costs had been filed and served in the case, and that the paper purporting to make objections to the cost bill filed by the plaintiff was no such document as could give the court jurisdiction. The motion thus made was overruled by the court. The matter of the allowance of costs and the allowance by the court of the several items set forth in petitioner's cost bill were argued and submitted to the court. On October 4, 1915, the court, having taken the matter under advisement, ordered that all the items contained in plaintiff's (petitioner's) cost bill be stricken out, excepting one of $17.25, being the clerk's fees.

1. The scope of the inquiry permissible to this court is limited to that of jurisdiction. If the act of the district

court in striking the items from the cost bill was within the jurisdiction of that tribunal, then our inquiry ceases, and the writ of *certiorari* has no function to perform.

2. The procedure in such matters having been prescribed by legislative enactment, which enactment is a part of our civil practice, we turn there first for guidance.

Section 5387, Revised Laws, being section 445 of the Civil Practice Act, prescribes:

"The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve a copy upon the adverse party, within five days after the verdict or notice of the decision of the court or referee, or such further time as the court or judge may grant, a memorandum of the items of his costs and necessary disbursements in the action or proceeding. * * * Within three days after service of a copy of the memorandum, the adverse party may move the court, upon two days' notice, to retax and settle the costs, a copy of which motion shall be filed and served on the prevailing party claiming costs. Upon the hearing of the motion the court or judge in chambers shall settle the costs."

Section 5377, Revised Laws (section 435, Civil Practice Act), prescribing when costs shall be allowed to plaintiff as of course, does not apply here, and none of its terms or provisions have any bearing upon the case at bar. Section 5380, Revised Laws (section 438, Civil Practice Act), in part sets forth:

"In other actions than those mentioned in section 435, costs may be allowed or not, and if allowed, may be apportioned between the parties, or on the same or adverse sides in the discretion of the court. * * *"

In the light of the foregoing statute, we must conclude that costs in the district court, in a case where, as in this case, it comes to that court on appeal from the justice court, do not follow as of course, but rather come under the provisions of the statute whereby the district court is authorized and directed to exercise its discretion. Not only is the foregoing conclusion to be arrived at from the statute itself, but the record in this case as set forth

in the proceedings of the court, wherein it was ordered on motion of counsel for plaintiff that judgment be entered against the defendant, discloses that to the defendant was reserved the right to proceed as to the matter of costs.

**3.** In view of the nature of the case in the lower court, it makes little difference, as we view it, as to what may have been the substance of the instrument filed by way of objection to plaintiff's cost bill, and, as we will here-after · discuss, it makes little difference when the same was filed or served, so long as the filing and service of the same was prior to the time at which the matter and amount of costs was finally determined by the district court. As to whether or not the plaintiff was entitled to any costs or was entitled to certain specific items of costs was a matter entirely within the discretion of the district court. Until that discretion had been exercised the judgment, in so far as the burden of costs was concerned, was incomplete. Until the discretion of the district court had been exercised in fixing the costs, we find nothing in the statute or in our procedure which would, as we view it, prevent the party against whom the costs might be assessed from appearing for the purpose of objecting to the whole cost bill or any items therein. (*Bringgold* v. *Spokane*, 19 Wash. 335, 53 Pac. 368.) Our reasoning in this respect must not be construed as applying to cases where, as prescribed by the statute, costs are to be allowed as a matter of course, for in such cases a different rule would apply.

We have been referred to the case of *Brande* v. *Babcock Hdw. Co.*, 35 Mont. 256, 88 Pac. 949, 119 Am. St. Rep. 858, wherein, following the decision in *King* v. *Allen*, 29 Mont. 5, 73 Pac. 1107, it was held that a memorandum of costs duly verified and filed within time is *prima facie* evidence that the items were necessarily expended and are properly taxable, unless, as a matter of law, they appear otherwise. But it must be observed that in that case the court very properly said:

"Under section 1866 of the Code of Civil Procedure,

the items complained of could be taxed, and it devolved upon the plaintiff to show that they were not properly taxed."

The case arose in the district court of Montana, and by its very nature was one in which under the Montana act costs would accrue as a matter of course. Where, as in the matter at bar, the discretion of the court constitutes the intervening element in the establishment of costs, we know of no rule such as that asserted in the case of *Brande* v. *Babcock Hdw. Co.*, *supra*, that would apply.

**4.** The matter at bar is to be distinguished from the case of *Radovich* v. *Western Union Tel. Co.*, 36 Nev. 341, 135 Pac. 920, 136 Pac. 704, in that in the Radovich case the trial court erroneously entertained and granted a motion to strike an entire cost bill, objections to which we held to have been waived. That act we held to be in excess of jurisdiction. In this case, however, as the record discloses, the court considered the instrument constituting the cost bill of petitioner, and in the exercise of its discretion, as authorized by the statute, struck therefrom certain items the allowance of which was not a matter of statutory right, but solely within the discretion of the court. The matter of the court having refused to strike the objections to the cost bill in this case, even though it should be admitted to be erroneous, would not affect the proceedings in view of the fact that under the provision of the statute quoted it was the province and duty of the court to exercise its discretion in allowing items of cost before the same could become a part of the judgment, even if no objection had been filed.

The judgment in this case was filed in blank as to the item of costs. The matter of filling in that absent element in the judgment was, under the statute, and indeed under the minute order as made and entered by the trial court at the time of the entry of judgment, a matter with reference to which the trial court was to exercise its discretion. The trial court, as the record discloses, considered the cost bill submitted by petitioner, and struck therefrom certain items, retaining certain others. The

exercise of its discretion on the part of the court was an authorized act, and as such, is not reviewable by *certiorari.* (6 Cyc. 756.) That the whole proceeding was within the jurisdiction of the trial court, and that in the exercise of its discretion the court did not exceed its jurisdiction, is to our mind manifest.

The writ should be dismissed. It is so ordered.

Norcross, C. J.: I concur.

Coleman, J., dissenting:

I dissent. The district court by its judgment settled two things: (1) That plaintiff was entitled to judgment in the sum of $90; and (2) that he was entitled to judgment for costs. In the minute entry the right of defendant "to proceed as to matter of costs" was reserved. No time in which defendant should proceed was fixed by the minute entry, nor was the manner of his proceeding prescribed; consequently it seems to me that the time and manner fixed by the statute must be deemed to have been contemplated.

The majority opinion quotes the statutory provision under which the prevailing party may file his cost bill and the method whereby the adverse party may take exceptions thereto. Plaintiff, having been awarded a judgment for $90 and costs, filed his cost bill within the time allowed by law. While defendant did not file a motion to retax costs, or give notice that he would make such a motion, he did cause to be filed a paper which I will treat as having served the same purpose, but which was not filed within the time allowed by law. Plaintiff objected to the consideration of this objection, motion, or whatever it may be termed, but, notwithstanding the objection, the court considered the same, and disallowed all of the items of the cost bill (including the jury fee, which the law requires to be paid before a case is tried), except the clerk's costs. It is my opinion that, in view of the language of the statute, and the objection of the plaintiff, the court had no jurisdiction to consider the objections to plaintiff's cost bill.

In the case of *Nicklin* v. *Robertson*, 28 Or. 278, 42 Pac. 993, 52 Am. St. Rep. 790, under a statute providing for the filing of cost bill and allowing two days thereafter for the adverse party to file objections thereto, and authorizing the clerk to tax the costs, it is said:

"The statute allows the clerk to allow and tax," and the statement, having been filed on the day following, was within the five-day limit, and, "no objections [thereto] having been filed * * * within the time prescribed by law, the clerk had no discretion in the allowance of the items contained in the statement."

In the case of *Killip* v. *Empire Mill Co.*, 2 Nev. 34, in which notice of motion to move for a new trial was not filed within the time prescribed by law, it was said:

"In this case the judgment was on the 1st day of March, and the adjournment on the same day. If before the end of the 3d of March there was no notice of intention to move for a new trial, no waiver of that notice, and no act which was equivalent to notice, then the court lost jurisdiction of the case."

I think the case just quoted from is squarely in point with the case at bar. Substantially the same question was before the court.

A similar point was before this court in the case of *Clark* v. *Strouse*, 11 Nev. 76, where it was said:

"It necessarily follows that the court erred in not granting plaintiff's motion to strike from the files the statement on motion for a new trial. The judge having extended the time to file the statement until the 13th day of April, 1875, and no order appearing in the records of the case to have been made before the expiration of that date, and no statement having been filed within that time, the defendant must be considered as having waived his right to file a statement (Practice Act, sec. 197); and the court, as was said by Currey, J., in *Hegeler* v. *Henckell*, 27 Cal. 492, 'was powerless to rescue the case from the consequences of the defendant's default.'"

In *Elder* v. *Frevert*, 18 Nev. at page 282, 3 Pac. 237, the court says:

"The failure of defendants to file their statement within five days after giving notice of intention to move for a new trial, nothing having been done in the meantime to retain jurisdiction of the matter, operated, by the express terms of the statute, as a waiver of the right to move for a new trial, and no power existed in the district court to reinstate this right. (*Clark* v. *Strouse*, 11 Nev. 78; *Hegeler* v. *Henckell*, 27 Cal. 491.)"

See, also, *Robinson* v. *Benson*, 19 Nev. 331, 10 Pac. 441; *Earles* v. *Gilham*, 20 Nev. 46, 14 Pac. 586; *State* v. *Cheney*, 24 Nev. 222, 52 Pac. 12; *Hegeler* v. *Henckell*, 27 Cal. 492; *Campbell* v. *Jones*, 41 Cal. 518; *Clark* v. *Crane*, 57 Cal. 629; *Freese* v. *Freese*, 134 Cal. 49, 66 Pac. 43.

In 23 Cyc. at page 684, it is said:

"In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant.   *   *   *"

This court has expressed substantially the same idea:

"A judgment may be both erroneous and void. In *Windsor* v. *McVeigh*, 93 U. S. 282, 23 L. Ed. 914, the court said: 'Though the court may possess jurisdiction of a cause of the subject-matter, and of the parties, it is still limited in its mode of procedure and in the extent and character of its judgment. It must act judicially in all things, and cannot then transcend the power conferred by law.' In *United States* v. *Arredondo*, 6 Pet. 691, 8 L. Ed. 547, the court defined jurisdiction to be 'the power to hear and determine,' and in *Ex Parte Reed*, 100 U. S. 13, 25 L. Ed. 538, it is defined 'the power to hear and determine and give the judgment rendered.' " (*Estate of Foley*, 24 Nev. 312, 51 Pac. 836, 52 Pac. 649.)

The concluding paragraph of the prevailing opinion says that the filling in of the blank in the judgment as to costs was a matter of discretion in the trial court. Conceding it to be a matter of discretion in the trial court to allow or disallow certain items claimed, that discretion could be exercised only in case the jurisdiction of

the court were invoked in the manner provided by law.
I think it safe to say that, where the judgment leaves a
blank space for costs, as provided by section 5388 of the
Revised Laws, it has been the universal practice of the
clerks of the courts from time immemorial to insert in
the space thus left the amount of costs claimed in the
cost bill, if no motion to retax is made as provided by
statute.

[NOTE—Petition for rehearing pending.]